## REYNOLDS *vs.* DISMUKE, Adm'r.

[ACTION AGAINST BIDDER TO RECOVER DIFFERENCE BETWEEN AMOUNT BID FOR PROPERTY AND THAT REALIZED ON RESALE.]

1. *Amended complaint; objection to filing of, when properly overruled.*—An objection to a motion for leave to file an amended count to the complaint, that states no reason for the objection, may be overruled without error.
2. *Act; intention with which done, how proved.*—The intention with which an act is done, must be shown by what is said or done at the time, not by proving an intention not then expressed.

3. *Release of purchaser from bid by administrator; what proof as to immaterial.* If an administrator, at a public sale of the personal property of the estate, agrees to release a purchaser from his bid, it is immaterial, as far as the purchaser is concerned, whether he intended, thereby, to take the property as his own, or to hold it as the property of the estate. In either case, he can not afterwards repudiate his agreement, and resell the property for a less sum and charge the purchaser with the difference.

APPEAL from the Circuit Court of Bullock.
Tried before Hon. J. McCALEB WILEY.

The appellee, plaintiff below, as the administrator of the estate of E. M. Brundidge, deceased, in 1868, sued the appellant in a magistrate's court, and was defeated; afterwards, on his petition, the cause was removed into the circuit court by *certiorari*.

In that court the following complaint was filed, to-wit: "The plaintiff, as administrator of E. M. Brundidge, claims of the defendant the sum of forty dollars, due by account, with interest thereon from December 23d, 1867, which said sum of money is due and unpaid, and which, when collected, will be assets in his hands belonging to said estate."

After several continuances, the cause was tried by a jury, on the plea of the general issue, and there was a verdict and judgment for the plaintiff for the sum of fifty 66-100 dollars.

On the trial, a bill of exceptions was signed at the instance of the defendant, the appellant, which discloses, in substance, the following case, to-wit:

The plaintiff, as administrator, &c., as aforesaid, under an order of the probate court, had sold the personal property of said estate at public auction, on a credit, the purchasers to give note and security for the purchase-money. At said sale, a gin and band was struck off to the defendant at the sum of ninety dollars; the plaintiff (alleging that the defendant refused to give his note and security for the ninety dollars,) afterwards advertised and resold the gin and band, at the defendant's risk, having given him notice of the time and place of sale; that at said resale the said property was duly bid off at the sum of fifty dollars; and

Reynolds v. Dismuke, Adm'r.

that this suit was brought to recover the difference between the two sales.

The defendant, on the other hand, alleged, and introduced evidence tending to show, that after said first sale, on the same day, at his request the plaintiff agreed to take his bid off his hands, and to release him from his purchase and rescind said sale; that the property was, accordingly, left in the plaintiff's possession and was never delivered to him, and that the plaintiff never at any time requested him to give his note and security for the ninety dollars, as the purchaser of said property.

The plaintiff and defendant were both examined as witnesses, as to the alleged rescision of said sale, both admitting they had conversed on the subject, but disagreed as to what was said, the defendant affirming and the plaintiff denying that he agreed to take defendant's bid off his hand and to release him from his purchase, and to rescind the said sale.

In the course of the plaintiff's examination, he was asked by his counsel "if he intended to take the gin and band, if at all, in his individual or in his representative capacity." To this question the defendant objected. His objection was overruled, and he excepted. The plaintiff then stated, "that if he had had any intention to take the gin, his intention was to do so as an individual, and not as an administrator."

This statement the defendant moved to exclude from the jury. The court overruled his motion, and he excepted.

Other witnesses were examined by defendant, whose evidence tended to show that plaintiff agreed to take defendant's bid off his hands, and to release him from his purchase; the whole evidence, however, leaving the matter in doubt. After the evidence was closed, the plaintiff moved the court for leave to file an amended count to his complaint, in which he claimed two hundred dollars, and setting out specially the facts as he alleged them to exist, averring that the said gin and band were bid off by the defendant at the sum of ninety dollars, and that he refused

to give his note and security for the purchase-money, and that he afterwards advertised and resold them, at defendant's risk, giving him notice of the time and place of said sale; that at said second sale, they were bid off at the sum of fifty dollars. The defendant objected to plaintiff's said motion. The court overruled said objection, and permitted the amended count to be filed, and defendant excepted.

After the cause was argued, the court charged the jury as follows, to-wit: "That if the plaintiff Dismukes, as administrator, had the right to resell the gin and band, at defendant Reynolds' risk, and charge him with deficit on resale, if any, unless it appeared that Dismukes, as administrator, acting for the estate, undertook, and did release Reynolds from his purchase, in which event the gin and band would have then been the property of the estate, and Reynolds would not be liable in this suit; but if Dismukes intended to take the gin and band as his individual property, and it was so understood between the parties, the act of Dismukes as an individual did not bind him as administrator, and in this event he was entitled to maintain this suit, and to recover of the defendant the difference between the amount bid by defendant for the property at first sale, and the less amount which it sold for at second sale."

To this charge the defendant excepted.

The defendant then asked several charges in writing, all of which were refused. The third charge only need be noticed, and is as follows: "If the jury believe from the evidence that Dismukes agreed to release Reynolds from the purchase of the gin and band, consenting that he (Reynolds) should not give his note with security therefor, and Dismukes kept possession of the gin and band, with the intention of keeping them as his own, then, he can not recover of the defendant in this action, unless the defendant consented to the resale of the property at his risk."

ARRINGTON, and LAW, for appellant.
STONE & CLOPTON, contra.

PECK, C. J.—1. There was no error in permitting the

plaintiff to amend his complaint as stated. The objection made, is a mere general objection. No cause is assigned for it. This was, of itself, a sufficient reason for overruling it. If it was intended by said objection to raise the question, that the plaintiff in said count claimed to recover a sum beyond the jurisdiction of the court in which the action was commenced, that was no sufficient reason why it should not be filed, especially as the body of the count shows that the sum claimed does not exceed the jurisdiction of the magistrate's court. In the case of *Cothran v. Weir*, (3 Ala. 24,) it is decided that on an appeal from a justice of the peace, the amount of damages laid in the declaration is matter of form, and can not be looked to to show that the court had no jurisdiction.—See, also, *Hart v. Turk*, 15 Ala. 675. Besides, such an objection, if a good one, should be made by plea, in the nature of a plea to the jurisdiction of the court.—*Bentley et al. v. Wright*, 3 Ala. Rep. 607.

2. The evidence of the plaintiff, that if he had intended to take the gin and band at all, his intention was to take them as an individual and not as administrator, if that was a material question, which we, however, think it was not, was a question to be decided by the jury, from what he said when the conversation was had, not from an intention not then expressed. That evidence was irrelevant, and may, and probably did, mislead the jury, and, therefore, should have been excluded on the defendant's objection.

3. In the latter part of the charge of the court to the jury, the law was misapprehended; the real question was, did the plaintiff agree to take the gin and band, and thereby release the defendant from his bid? If so, it was immaterial, as far as the defendant was concerned, whether he intended to take them as his own, or to hold them as the property of the estate. In either case, he could not afterwards repudiate his agreement and resell the property for a sum less than that bid by the defendant, and charge him with the difference.

4. From what we have said, it follows that the third

charge asked by the defendant was a proper charge, and should have been given.

For the errors mentioned the judgment is reversed, and the cause remanded for another trial at the appellee's cost.