# Welden *v.* Schlosser.

## *Action for Forcible Entry and Detainer.*

1. *Who may maintain action.*—An action for forcible entry and detainer is purely possessory, the question of title not being involved, and can not be maintained by a person who has not had prior possession.

2. *What is forcible entry, or unlawful refusal to surrender possession.* The degree of force, or the particular wrongful acts necessary to support the action, are defined by the statutes giving and regulating the remedy (Code, § 3696; Sess. Acts 1878–9, p. 49); and among these are, "entering peaceably, and then by unlawful refusal keeping the party out of possession;" and when there is any evidence of such refusal, the plaintiff's prior possession not being denied, the question of its sufficiency is properly submitted to the jury.

3. *Evidence of title, or right to possession.*—The defendant having entered peaceably, not denying the fact of plaintiff's prior possession, but

[Welden v. Schlosser.]

claiming under an entry certificate as a homestead, he can not adduce evidence of such entry and certificate, for the purpose of showing that his subsequent refusal to surrender the possession on demand was not unlawful.

APPEAL from the Circuit Court of Cullman.

Tried before the Hon. H. C. SPEAKE.

This action was brought by F. J. Schlosser, against A. Welden, to recover the possession of a tract of land, which was described as " the south half of the south-west quarter of section 26, township 10, range 4, west;" and was commenced before a justice of the peace, on the 8th June, 1882. The complaint alleged the plaintiff's possession of the premises, and the defendant's forcible entry, on or about April 28th 1882, " whereby plaintiff was ejected from the peaceable possession of said land and its appurtenances, and still is dispossessed thereof." The cause was tried on issue joined on the plea of not guilty.

On the trial, as the bill of exceptions states, the plaintiff testified as a witness for himself, " in substance as follows: that he had bought the improvements on the premises from his brother; that in 1881 he raised a crop of potatoes on a part of the land, of which four or five acres was cleared, and a house thereon ; that he slept in the house once or twice during the year, and in March, or April, tied up some grape-vines growing on the land, trimmed some peach-trees, and had some strawberries on the place; that he was a single man, and lived with his father about half a mile distant from the land ; that there were two bedsteads in the house, belonging to him ; that he locked up the doors in March, or April, 1882; that he met defendant, about two weeks after defendant had moved into the house, and asked him, if he was going to give up the premises in controversy ; and that defendant replied, he had entered it from the Government, and intended to hold it if he could." Other witnesses for the plaintiff testified " in substance as above, except as to the conversation with defendant;" and one of them stated that he heard J. W. Heatherly, who was a brother-in-law of the defendant, say in the defendant's presence, the day after he took possession of the premises, " that defendant had gone into the house to remain there two days." The defendant himself was introduced as a witness by the plaintiff, " and testified in substance as follows: that he went to the premises on the 28th April, 1882, found the doors open, and moved in with his family ; that he did not break open any doors, windows, or other part of the house, to get in ; that he made no threats, and used no violence, to get in possession, or to keep the plaintiff out; that the plaintiff was not then in possession ; that he did not remove or put out of doors any

[Welden v. Schlosser.]

goods or chattels in the house; that there were two bedsteads in the house, which did not belong to him, and which he did not claim; that he was using them, but had always been willing at any time to give them up when the owner demanded them; that he was claiming the premises as his own, and that neither the plaintiff, nor any one for him, had ever demanded the possession of the premises from him." The defendant's attorney proposed to prove by him, on cross-examination, that he claimed and had entered into the possession of the premises "under an entry certificate as a homestead under the United States Government;" and the certificate was produced. The court excluded this evidence, and each part of it, on objection by the plaintiff, and the defendant excepted. J. W. Heatherly, a witness for the defendant, "testified that he knew the premises, and was frequently on them in March and April, 1882; that some four or five acres had been fenced thereon, but the fences were down, and the stock going in and out; that the grape-vines and trees had been badly ruined by the stock; that he was there the day the defendant went into possession, and there was then no sign or evidence of cultivation, or that any attention whatever had been paid during that year to the vines or trees; that it was all grown up in sedge-grass and bushes."

This being all the evidence, except as to the value of the rent, the court charged the jury, at the request of the plaintiff, as follows: "If the jury believe, from the evidence in the case, that on the 28th April, 1882, the plaintiff was in the actual possession of the premises, by being on the land and working on the same, pruning the fruit-trees which were growing on the land, cutting or tying up the grape-vines, or by other acts of ownership over the premises, and was claiming the premises as his, and this a week or two before the evidence shows the defendant went into possession; then plaintiff had such a possession as would authorize him to recover in this suit." The defendant excepted to this charge, and requested the court to instruct the jury, "that they must find for the defendant, if they believed the evidence;" which charge the court refused to give, and the defendant excepted to its refusal.

The exclusion of the evidence offered by the defendant, the charge given, and the refusal of the charge asked, are now assigned as error.

GEO. H. PARKER, for appellant.—The plaintiff showed no such possession as would authorize him to maintain the action. The land was a part of the public domain, as the court must judicially know from the even number of the section, and was subject to entry under the acts of Congress. The plaintiff

[Welden v. Schlosser.]

acquired nothing by his purchase of the improvements from his brother, both of them being trespassers and intruders as against the United States.—*Merrill v. Legrand*, 2 Miss. (1 How.) 150; *Safford v. Andrews*, 8 Fla. 34; *Wellborn v. Spears*, 32 Miss. 138; *Collins v. Bartlett*, 44 Cal. 371; 2 Brick. Dig. 184, § 16. The plaintiff was not in the actual possession when the defendant entered, and a trespasser can not have constructive possession. It was only an attempt to prevent any one else. from entering the land, and confers no rights which the law will protect and enforce.—*McKean v. Nelms*, 9 Ala. 507; *Singleton v. Finley*, 1 Porter, 144; *Russell v. Desplous*, 29 Ala. 308; *Wray v. Taylor*, 56 Ala. 188. The complaint alleges a forcible entry, and force is the gist of the action.—*Botts v. Armstrong*, 8 Porter, 57; *Matlock v. Thompson*, 18 Ala. 600. As the defendant's entry was peaceable, and there was no proof of force, actual or constructive, the plaintiff was not entitled to recover under his complaint, even if there had been proof of an unlawful refusal to surrender the possession on demand. But there was no such proof in fact, and the defendant was entitled to have the general charge given which was asked by him. As a recovery was sought on the ground of an "unlawful refusal" to surrender the possession after a peaceable entry, the defendant ought to have been allowed to show that his refusal was not unlawful—that it was rightful; and this he proposed to prove by his entry certificate, which was not title, nor evidence of title, but only conferred a permissive right to enter and occupy.—Tyler on Ejectment, 76; *Hooper v. Scheimer*, 23 How. U. S. 235. The court erred in excluding the evidence.

STONE. J.—Forcible entry and detainer was a public offense in England, made so by statute.—4 Bla. Com. 148; 1 Russ. on Cr. 421. In this, as in many other States of the Union, it is a tort, to be redressed by a civil action, which the statute gives. It is an action summary in its forms and machinery, to regain possession of realty, which has been tortiously taken, or is tortiously withheld. It is purely possessory, and can not be. maintained unless the plaintiff has had prior possession. Title can not be inquired into.—Code of 1876, § 3704.

The statute defines the degree of force necessary to constitute a forcible entry. Our first statute on this subject was approved February 10th, 1805, and is found in Clay's Dig. 250. Under that statute, there have been several rulings of this court, defining what degree of force is necessary to constitute a forcible entry.—*Botts v. Armstrong*, 8 Por. 57; *Matlock v. Thompson*, 18 Ala. 600; *McGonegal v. Walker*, 23 Ala. 361.

The wrong which is sought to be redressed in the present suit, was perpetrated in 1882. Before that time, the act "to

[Falkner v. Campbell Printing Press and Manufacturing Co.]

amend section 3696 of the Code of Alabama" was approved. Pamph. Acts 1878–9, p. 49. That act, in defining what particular wrongful acts shall constitute forcible entry and detainer, makes some additions to those enumerated in the former statutes. One *addendum* is, "entering peaceably, and then by unlawful refusal . . . keeping the party out of possession." This clause is not found in any of the older enactments.

It is contended for appellant, that there is no evidence in this record that plaintiff demanded possession, before he instituted his suit. "Unlawful refusal" is the language of the statute. The plaintiff testified that, soon after defendant moved into the house, he, plaintiff, "asked him if he was going to give up the premises in controversy." Defendant replied, "he had entered it [the land] from the Government, and intended to hold it, if he could." True, the defendant in his testimony denied that any demand had been made of him ; but added, "that he was claiming the said premises as his own." This was certainly enough testimony, to justify its submission to the jury on the question of unlawful refusal. We do not understand the appellant as controverting the proposition, that plaintiff had possession before, and at the time he, the appellant, took possession. He rests his defense on the assertion, that there was no evidence of a forcible entry or detainer. We have disposed of that question above, adversely to appellant. The general charge asked by appellant should not have been given. The charge given at the instance of plaintiff below is consistent with the views expressed above, and is free from error.

The testimony offered by defendant, and ruled out by the court, tended to shed no light on the question of possession. If it had any tendency, it was to show plaintiff's right and claim to the property. This was rightly ruled out.

Affirmed.