# Farley *v.* Bay Shell Road Co.

*Action of Forcible Entry and Detainer.*

1. *Pleading and practice; amendment of complaint.*—Where, during the trial, a complaint is amended by adding a second count thereto which was a departure from the first count,

[Farley v. Bay Shell Road Co.]

the subsequent amendment of the additional count, so as to give it the character of the cause of action as stated in the first count of the complaint, removes all prejudice arising from the amendment of the original complaint, and furnishes no ground for the reversal of the judgment of the trial court.

2. *Same; same; general objection to amendment insufficient.*—A mere general objection to the amendment of a complaint by adding a separate count thereto is insufficient and properly overruled, since the objection should be specific, showing why it would be improper to allow the amendment.

3. *Forcible entry and detainer; what necessary to maintain suit.* In the absence of force or threats in turning or keeping a party out of the possession of property, in order for the party out of possession to maintain an action for forcible entry and detainer, it is necessary under the statute (Code, § 2126) for him to show (1) that he was in the actual possession of the premises in dispute when the defendant peaceably intruded thereon; and (2) that he had made a demand for possession of the defendant and that the defendant had unlawfully refused to deliver possession thereof.

4. *Same; same; case at bar.*—In an action of forcible entry and detainer, brought by a corporation owning a toll road, to recover possession of a certain portion of its road of which the defendant had taken possession, where the only evidence introduced to show that a demand for the possession had been made by the defendant, was the testimony of the toll gate keeper that he served notice on the defendant to remove the fence, by which the strip of land involved in the suit was inclosed, and there is no evidence to show the extent of the authority of the gate keeper, or that he was authorized and requested by the plaintiff to serve such notice, the evidence is not sufficient to show that a proper demand had been made for the possession of the property involved in the controversy; and therefore, the plaintiff in such case is not entitled to recover.

5. *Same; can be maintained for an easement.*—While, as a general rule, an action of ejectment or an action of forcible entry and detainer will not lie to recover the possession of an easement, or to be let in to the use or occupation of a servitude, a toll road company, which was organized for the purpose of maintaining a road over which persons were permitted to ride or arive for toll, and at which a gate was kept for the protection of said company against intruders and to prevent any one from going on the road without first paying the toll required, can maintain an action of forcible entry and detainer to recover possession of a part of its road which has been un-

lawfully inclosed and is unlawfully detained by the defendant; and this is true, even though the only interest which the plaintiff haa in the premises sued for was an easement.

6. *Same; admissibility of deeds in evidence.*—Although the question of title can not be litigated in an action of forcible entry and detainer, yet it is competent to offer in evidence a deed to the premises involved in the suit under which the party claims to have entered, for the purpose of showing the extent of the possession claimed by the defendant.

7. *Same; same.*—While in an action of forcible entry and detainer, a deed under which the defendant claimed to have entered on the premises involved in the suit is competent evidence to show the extent of the possession claimed by him, yet before such deed is admissible in evidence, it must be made to appear to the court that such was the only purpose in offering the deed, and that the defendant was connected in some way with said deed. In the absence of such showing, the court can not be put in error in refusing to allow the deed offered to be introduced in evidence.

8. *Same; same; testimony of surveyor.*—Where in an action of forcible entry and detainer, a civil engineer testifies that he made a survey of the premises involved in the suit according to a certain deed, but the defendant was in no way shown to have claimed under said deed, or to be connected therewith, such testimony of the engineer is incompetent and properly excluded.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

The appellee, the Bay Shell Road Company, brought the present action of forcible entry and detainer against the appellant, Mary Farley, to recover possession of a tract of land specifically described in the complaint, which it claimed had been in its possession and used by it as a part of its road. The action was commenced on January 15, 1897, before a justice of the peace of Mobile county. The justice of the peace rendered a judgment for the plaintiff, and the defendant appealed to the circuit court of Mobile county.

It was shown that the plaintiff was a corporation and that the property constituted the Bay Shell Road near the city of Mobile. and that the defendant was the owner of a tract of land which abutted on the said Bay Shell Road.

The facts stated in the bill of exceptions show that plaintiff was in possession of a road extending along the bay of Mobile for some distance below defendant's property; that there are fences extending along the west side of the road, which fences mark the west boundary of the road, that there was such a fence dividing or separating the west side of the road from defendant's land; that in December, 1896, defendant removed her old fence and built a new fence further out into the road enclosing the strip of land sued for; that a surveyor was employed by plaintiff to measure the land lying between the old and the new fence; that the surveyor made the survey and ascertained the location of the old fence by the post holes which were visible and by a hedge which was growing along the inside of the line formed by post holes; that he made a map showing the line of the old fence and the line of the new fence, which map was offered in evidence; that on December 24, 1896, plaintiff served a notice on defendant to remove her fence from the strip of land which she had taken possession of, and upon defendant's failure to remove said fence and to restore the plaintiff to possession of the property, plaintiff brought suit; that plaintiff had been in possession of said road for over forty years exercising acts of ownership, such as keeping the road in repair, cutting weeds, etc., up to the line of defendant's fence. The other facts of the case necessary sary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the general affirmative charge in her behalf, and duly excepted to the court's refusal to give the said charge as asked.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

FRED'K. G. BROMBERG, for appellant.—Forcible entry and detainer, and unlawful detainer were defined in sections 3380 and 3381 of the Code of Alabama, 1886. In section 3382 of that Code it is expressly enacted that

[Farley v. Bay Shell Road Co.]

these sections, "extend to and comprehend terms for years and all estates whether freehold or less than freehold." A right of way is an easement. But an easement is not a term for years, or an *estate;* but a privilege without profit.—Tiedeman on Real Property, (Enlarged ed.) § 597; 6 Am. & Eng. Ency. Law (1 ed.) 139, 151.

A right of way is not an estate of freehold because it is a mere privilege, and is not such estate as is conveyed by livery of seisin as it would have to be if it were an estate of freehold.—2 Blacks. Com. Star pages 104, 139.

In every case of the application of this form of action the plaintiff must have had the actual possession of the premises sued for, or be entitled to the actual possession of them to the exclusion of the defendant.—2 Brick. Dig. 9, § 35; 3 Brick. Dig. 507, § 24; *Clements v. Hays,* 76 Ala. 280; *Wray v. Taylor,* 56 Ala. 190; *L. & N. R. R. Co. v. Philyaw,* 88 Ala. 269; *Brady v. Huff,* 15 Ala. 80.

BESTOR & GRAY, *contra.*—The Code of Alabama, (§ 2128) in speaking of sections 2126 and 2127, which defined Forcible Entry and Detainer and Unlawful Detainer, provides: "The two preceeding sections extend to and comprehend terms for years, and all estates whether freehold or less than freehold." The question then is, is an easement an estate in lands? An estate in lands is defined by Anderson in his law dictionary to be "The quantity of interest which a person has from absolute ownership down to naked possession," and, again, he says, that an estate "does not import a fee or even a freehold, but any legal interest in lands."—Anderson's Law Dictionary, 414. Therefore, an easement being an estate in lands, forcible entry and detainer will lie to recover possession of the land where the party in possession, the owner of the easement, has been ousted.—Code of 1896, § 2128. Even though the appellee did not have an estate or interest in the lands sued for, yet if it had prior actual possession, it could maintain the suit. *Knowles v. Ogletree,* 96 Ala. 555.

Did the plaintiff have the right to amend its complaint in the manner shown by the record and bill of exceptions? The complaint filed before the justice of the

[Farley v. Bay Shell Road Co.]

peace was for unlawful detainer, and the complaint was amended in the circuit court on January 5, 1898, by filing an additional count for forcible entry and detainer. Counts for forcible entry and detainer and unlawful detainer may be joined, and if the original complaint filed in the justice's court was for unlawful detainer, a count for forcible entry and detainer may be filed in the circuit court.—*Littleton v. Clayton,* 77 Ala. 571. Amendments of this character can be made at any time before final judgment.—*Foster v. Napier,* 73 Ala. 595; *Mahan v. Smitherman,* 71 Ala. 563.

DOWDELL, J.—This is an action of forcible entry and detainer, commenced before a justice of the peace by the Bay Shell Road Company, a corporation, against the appellant. The summons issued by the justice commands the defendant, Mary Farley, to appear and answer for a forcible entry and detainer. The complaint in the justice court contained a single count, which count is in the Code form for forcible entry and detainer.—Code, 1896, p. 948, Form 28. The case was tried before the justice on this single count, and from a judgment rendered by the justice finding the defendant guilty of a forcible entry and detainer the case was carried by appeal to the circuit court. There on the trial, the complaint by leave of the court, but against the objection of the defendant, was amended by the plaintiff by adding a second count. The bill of exceptions recites that this amendment was made just after the counsel for the plaintiff had stated the case to the jury. The amended count is, while not in exact language of the Code form for unlawful detainer, a count for unlawful detainer.—Code, 1896, p. 948, Form 28.

It is insisted by the appellant here that this amendment was a departure from the cause of action as stated in the complaint before the justice, and therefore error in the court below to allow it against defendant's objection.

While the statute of amendments (section 3331 of the Code) must be liberally construed so that the ends of

justice will be advanced, this character of construction will not cover an amendment which would work a departure from the cause of action as originally set forth in the complaint; especially, it seems, would this be true when applied to cases on appeal from the justice court in cases where the original and exclusive jurisdiction of the cause of action is vested in the justice court by virtue of the statute.—*Leatherwood v. Suggs,* 96 Ala. 383.

This insistence of departure in this case is made by the appellant, in the light of the decision made by this court in the case of *Littleton v. Clayton,* 77 Ala. 571, where it is held, that, if the complaint before the justice is for forcible entry and detainer, a new complaint for unlawful detainer, filed in the circuit court is not a change of the form of action, or the substitution or introduction of an entirely new cause of action. By this insistence of the appellant this court is invited to review the case of *Littleton v. Clayton,* and overturn it as authority. If we had any inclination to review that case, the condition of the record in the case in hand renders it entirely unnecessary to do so.

In the bill of exceptions we find it stated that, at the conclusion of the opening argument by the appellee's counsel to the jury on the facts, and before appellant's counsel had commenced his argument, the appellee asked for, and gained the consent of the court, against appellant's objection, to make certain amendments to the second count in the complaint. The amendments are set out in the bill of exceptions, and we have no doubt about the proposition that the amendments thus made converted the second count from one of unlawful detainer, to one of forcible entry and detainer; and thus the case was returned to the status held by it before the justice of the peace on the pleadings. This reason is sufficient, without assigning any other, to render the insistence unavailing to reverse the judgment of the lower court.

But, there is another reason why the insistence cannot prevail. To put the court in error in allowing an amendment, the amendment offered must not only be an improper one, but there must be made the specific objection

[Farley v. Bay Shell Road Co.]

which renders it improper at the time. A mere general objection will not be sufficient; the court will not be required to cast about to find the specific cause of objection. · It will be discovered from an inspection of the bill of exceptions in this record that the objection by the defendant in the court below to the amendment is a general objection.—*Reynolds v. Dismuke*, 48 Ala. 209. It results from what has been said that the court committed no error with reference to the pleadings which can prevail here.

Forcible entry and detainer is defined by our statute, section 2126 of the Code of 1896, and this section is an exact reproduction of section 3380 of the Code of 1886. The last clause of the section defines forcible entry and detainer in the following language, viz.: "Or by entering peaceably, and then, by unlawful refusal, or by force or threats, turning or keeping the party out of possession." This clause was enacted by the legislature and was approved on the 13th day of February, 1879.

We have examined the evidence in this case as set out in the bill of exceptions, with the view of determining whether or not there could arise from it any reasonable inference of the guilt of defendant of a forcible entry and detainer, upon either category mentioned in the statute other than the one above mentioned, and we are very clear to the conclusion that there is nothing in the evidence which would warrant such an inference, and therefore, we must examine and discuss the case as made by the evidence in the court below, as gauged by the last clause of the section of the Code above recited.

This action is purely possessory in its character and there is nothing in the facts in this case to exempt it from the express provisions of the statute, that "the estate or merits of the title cannot be inquired into on the trial."—Code of 1896, § 2135. The provisions of this statute are applicable whether on trials had in the justice court or in the circuit court on appeal. It is true that section 2147 of the present Code provides for the removal of the cause to the circuit court on application made to the justice before judgment rendered by him, and in that event the title may be litigated in the circuit

court. But this case does not come under the influence of this section of the Code.

The definition of forcible entry and detainer as contained in the last clause of the statute, and what is necessary to be shown under it to authorize a recovery by the plaintiff, has undergone thorough consideration by this court in the case of *Knowles v. Ogletree*, 96 Ala. 555. See also, the case of *Welden v. Schlosser*, 74 Ala. 355. In the case of *Knowles v. Ogletree*, we find the law thus stated by the court, speaking through THORINGTON, J.: "The unlawful refusal here mentioned, however, has no reference to the title. *An unlawful refusal* presupposes a *prior lawful demand*, but, in order to render such demand lawful it is only necessary that a prior actual possession shall have been intruded upon by the person on whom such demand is made. It is not essential that the demand should be based upon ownership or title in order to make the refusal thereof unlawful within the meaning of the statute. The legal effect of the statute is, that, if the disseizor enters by force or threats, no demand is necessary before commencing the action; but if he takes possession 'by entering peaceably,' then, in order to support the action, there must be a demand of possession and unlawful refusal thereof, or force or threats used in turning or keeping the party out of possession. In the absence of all force or threats either in entering or keeping possession, two facts must exist in order to support the action: First, there must have been a peaceable intrusion upon a prior actual possession; second, there must have been a demand for possession and unlawful refusal thereof. It is not essential the demand for possession should be in writing, or that it should be in express or positive terms; it is a question of fact to be determined by the jury upon all the evidence whether there has been a demand, or the equivalent thereof. It may be inferred from the acts and declarations of the parties as well as shown by direct testimony. So, also as to the unlawful refusal to comply with the demand."

So in the absence of force or threats in turning or keeping the party out of possession, it was incumbent on

the plaintiff in the case in hand at the trial in the circuit court to have shown that it was in the actual possession of the premises in dispute, that defendant peaceably intruded upon that possession, that plaintiff by agent demanded possession of the defendant, and that defendant unlawfully refused to deliver possession to the plaintiff.

In the case of *Welden v. Schlosser, supra,* the facts as to the demand were substantially as follows: Plaintiff testified that he met defendant about two weeks after he had moved into the house and asked him, if he was going to give up the premises in controversy; and that defendant replied, he had entered it from the government and was going to hold it if he could. Defendant testified that he went to the house and found no one in it, that he found the doors open and moved in with his family, that he made no threats and used no violence to get in possession nor to keep the plaintiff out. That neither plaintiff nor any one for him had ever demanded the possession of him. In this condition of the evidence, the court there held that the question of unlawful refusal was one for the jury.

The case of *Knowles v. Ogletree, supra,* is one in which the controversy arose over the boundary line between the adjoining lots of the parties—in that respect, very similar to the case in hand—the fence separating the adjoining lots had rotted down, and a dispute arose between the parties as to the boundary line of the two lots. The court speaking of the evidence on the question of demand, uses this language: "The statement in the bill of exceptions of the proof on these two questions (demand and refusal) is rather obscure and unsatisfactory, but enough is shown to make it appear that there was some testimony touching these two facts, and it was for the jury to determine its evidential value." So we discover that in each of the cases cited there was some evidence touching the questions of demand and refusal, and wherever there is evidence of a fact in issue it becomes a question for the jury to determine; the court cannot invade their province and take it away from them, the sufficiency of evidence is for the jury and not for the court. But, if in the trial of a cause there is a

total lack of evidence on a proposition necessary to be established to authorize the plaintiff to recover, and the defandant requests the general charge in writing it is the duty of the court to give it.

The plaintiff in this case is a corporation and necessarily transacts all its business by agents. On the question of demand and refusal in this case we find that the only evidence is that of Levi Deason, who testified as follows, to-wit: "I am toll-gate keeper for the plaintiff. I served a notice on Miss Mary Farley to remove her fence from a piece of property down on the shell road in front, of her property, on the 24th day of December, 1896; the new fence was built at that time and that the defendant had not removed said fence; that the new fence is nineteen inches further out on the road than the old fence on the south, and three feet or more on the north end; and is the whole length of the defendant's front, 300 and odd feet."

This evidence does not disclose for whom the demand was made, unless we are to indulge the presumption that it was Deason's duty as toll-gate keeper to make the demand, or that as he was plaintiff's toll-gate keeper the demand was made for the plaintiff. It needs no argument to show that such presumptions cannot be indulged, nor was the jury upon this evidence authorized or warranted in inferring that Deason in serving the notice was acting for the plaintiff. There is nothing in the record which shows the scope of Deason's authority as toll-gate keeper and that it covered the duty to serve such notice, and he does not show, nor does the evidence anywhere show that he was authorized or requested by the plaintiff to serve the notice. And if we are left to infer what his duties as gate keeper were, we would infer that his only duty was to collect and pay over the tolls and keep the gate in repair. The controversy in this suit is over a piece or strip of land nineteen inches wide at one end and three feet at the other and something over three hundred feet long, and the controversy arose on account of the removal by defendant of her fence. The plaintiff's contention is that in rebuilding the fence the defendant encroached upon its right of way. Then in

the evidence of Deason, we see that he served a notice on defendant to remove her fence, not for the possession of the strip of land; the request he served, giving it the broadest meaning, was to remove the fence as an obstacle on the road.    But we have not the contents of this notice before us nor are the contents given in the record.    It may be that the plaintiff had the notice prepared, and it may be that it was a demand for the possession for the premises sued for, and it may be that Deason was authorized or commissioned by plaintiff as its agent to serve the notice or demand, but there is nothing in the record in the shape of evidence which will warrant any such inferences.

It is remarkable that not another witness examined in the case made mention of this notice or any demand. The president of the company was examined and he said nothing as to any demand, the defendant said nothing in regard to it; so there is a total absence of any evidence of demand and refusal of possession unless it is found in the evidence of Deason above quoted. There was nothing said between the plaintiff and defendant nor any controversy between them about the premises before the suit was instituted so far as the record shows.    The witness Dane (president of plaintiff corporation) testified that Mr. Smith told him they were about to put up a fence and he told him to object to it.    This evidence was objected to but the objection was overruled.    But it was harmless as it was never afterwards shown that Smith made any objection to defendant, and it therefore could not be construed as tending to show any controversy between the parties prior to the suit, in such sort as to bring the case within the influence of the cases of *Welden v. Schlosser* and *Knowles v. Ogletree* as to evidence of demand and refusal.

We conclude that there is an absence of any evidence of demand and refusal in this record.    The bill of exceptions purports to set out all of the evidence, and the court erred in refusing the general affirmative charge requested in writing by the defendant.

There is another proposition in the record upon which the request for the affirmative charge was predicated.

The appellant insists that for another reason the request for the affirmative charge should have been granted. The contention is, that the only interest the plaintiff has in the premises, if it has any, is an easement, and to be let into the use and occupation of a servitude. That forcible entry and detainer cannot be resorted to, because the statute (section 2128) extends the remedy to the correction of wrongs against "terms for years, and all estates, whether freehold or less than freehold," and that an easement is not embraced in this section.

In the case of *Tenn. & Coosa R. R. Co. v. East Ala. Railway Co.*, 75 Ala. 516, which was an action by a railroad company for the recovery of a right of way and road-bed, this same contention was insisted upon. There, this court speaking through Judge STONE, said: "It is true that ejectment will not lie, as a general rule for an easement, or to be let into the use or occupation of a servitude. The reason that underlies this is, that the party complaining has only a right in common with the public, or with some other person or persons, to the use or occupation claimed. The right is a qualified, limited one, and in ordinary cases is not disturbed by similar occupation. It is but a privilege to go on the lands of another for a specified, limited purpose, and has no element of exclusiveness in it. A right of way, or of common, may be given as illustrations of this principle. Lands claimed and condemned as right of way and road-bed of a railroad stand in a different category from that of ordinary easements. Over them is acquired, not the right of use to be enjoyed with the public, or with other persons. The right and use are exclusive and no one else has any right of way thereon." The conclusion reached by the court was that ejectment would lie. We cannot say what the estate of plaintiff in the lands sued for is, whether simply an easement or not. But, while the purpose of the plaintiff corporation is not explicitly stated, we feel authorized to infer from the evidence that it was to maintain a road over which persons are permitted by the corporation, for toll, to ride or drive, a gate is kept on the road, and it would seem that this is done as a protection against intruders, and to prevent any from

going on the road without first paying the toll.  To our minds this presents the idea of exclusiveness, and appropriation of the property to the use of the corporation in as full, if not in a fuller sense than that which adheres to the use of a right of way by a railroad.  "The right of municipal corporations, or public authorities vested with no higher estate than a public easement, or right by dedication, to invoke the remedy of ejectment, for the possession of streets, is upheld in many cases."—*Tennessee and Coosa v. East Ala. Railway, supra,* and authorities there cited.  Moreover, as suggested in brief of appellee's counsel, there was no question of title involved in the case, and appellee could not, therefore, show whether it owned the fee or not. The question was one of prior actual possession, regardless of title.  The section of the Code relied upon by the appellant—section 2128—we think, cannot be construed as cutting off the remedy invoked in this case, especially upon the facts as presented by the record.  Our conclusion is that the contention of the appellant on this theory cannot be sustained.

While we refrain from any intimation as to the value of the evidence found in the record upon the question of prior actual possession by the appellee, we feel warranted in the conclusion that there was enough to require a submission of that question to the jury, and to prevent the giving of the affirmative charge on the contention of the defendant that there was a total lack of evidence of possession.

There are several assignments of error based on the ruling of the court on the admissibility of evidence.  The defendant sought to introduce several deeds in evidence in the course of the trial.  For the purpose of showing the extent of the possession claimed, after actual possession of a part of the disputed premises has been shown, it is competent in cases of this character, to offer in evidence deeds which contain a description of the premises, and under which the party claims to have entered, not for the purpose of showing title, or of putting the title in issue, but solely for the purpose above stated .  As where under color of title a party is in possession of a

part, the possession extends to the limits described in the deed or instrument conveying color of title.—*Turnly v. Hanna,* 82 Ala. 139; *Barefoot v. Wall,* 108 Ala. 327.

Several deeds were offered in evidence by the defendant and also a transcript of a will, and every one, with a single exception (the deed from Louise Thompson to Owen Farley) was offered without any statement of any limitation as to their field of operation. The appellee objected to the deeds, and the objection was sustained. To put the court in error it should have been stated to the court that the deeds were offered for the purpose of showing the extent of defendant's possession, and it should have been made to appear that defendant was connected in some way with the deeds. The Louise Thompson deed above mentioned was the first offered. In connection with the offering of it, the bill of exceptions recites, the defendant then offered in evidence to show the extent of defendant's possession the deed of Louise Thompson to Owen Farley, a true copy of which is attached to this bill of exceptions as exhibit "B." The objections to the deed as made by the plaintiff and sustained by the court are that the deed was irrelevant and immaterial. There was no statement at the time that the defendant would in any way offer to connect the defendant with this deed, except the statement that the deed was offered to show the extent of the possession. Unless the defendant was claiming to hold under the deed or entered under it or was connected with it, the objections made are well taken. An inspection of the deed does not discover any connection that the defendant has with the deed, and in the absence of any offer when the objection was made to connect defendant with the deed the ruling of the court in sustaining the objection was correct. True, other deeds were offered afterwards which might have connected the defendant with the Thompson deed, but as stated above they were offered without any qualification and for this reason if no other were properly excluded.

The evidence of witness Ruffin to the effect that, when he made the survey he had the deed before him that called for the lines on the map before him, was properly excluded for the reasons above stated, and for the addi-

[Central of Georgia Railway Co. v. Foshee.]

tional reason that the deed he referred to, if competent at all, was the best evidence of what it contained.

The questions asked witness Ross on cross-examination by the defendant with reference to a survey made by him for defendant in connection with certain deeds mentioned, was an indirect effort to get the contents of the deeds of defendant in evidence, and the court committed no error in sustaining objections to the question.

There are other assignments of error based on the rulings of the court on the testimony, as to admissibility, etc., but we deem it unnecessary to discuss them as in the next trial the questions may not be presented in the manner now presented, and even if there is error in the ruling of the court on them, which we do not decide, a ruling on them here would serve no practical purpose in the next trial of the case.

For the error in refusing the affirmative charge requested in writing by the defendant, the cause is reversed and remanded.