# Bibby *v.* Thomas.

### *Action for Forcible Entry and Unlawful Detainer.*

1. *Forcible entry and unlawful detainer; complaint; refusing to strike unnecessary averment.*—In an action for forcible entry and unlawful detainer, it is not necessary to aver that the defendant, after entering upon the premises, warned all others, especially the plaintiff, to keep off; but when averred in the complaint it is not error to refuse to strike same on motion of the defendant.

2. *Special pleas and general issue.*—In an action for forcible entry and unlawful detainer, special pleas setting up that plaintiff was never in possession, that he was never in rightful possession, that he was never in undisputed possession, and that plaintiff had forcibly obtained and held possession from defendant are defective; and, besides, any of these defenses might be set up under the general issue.

3. *Complaint; what not sufficient answer.*—It is no answer to a complaint for forcible entry and unlawful detainer that plaintiff has been guilty of same wrong towards the defendant, and had previously entered and detained the same premises from defendant; and a special plea setting up such facts presents no defense and is defective.

4. *Plea; not guilty.*—In an action for forcible entry and unlawful detainer, it is competent to show under the general issue that defendant had previously been in possession of the premises, that plaintiff's tenant had abandoned same, and that defendant had made a peaceable re-entry.

5. *Complaint; amendment.*—In an action for forcible entry and unlawful detainer, where the premises are described in the complaint by giving the fractional parts of the section, township and range, the same may be amended by setting out the metes and bounds, in order to make more specific and certain the description of the premises involved in the suit.

[Bibby v. Thomas.]

6. *Objection to question does not exclude objectionable answer.*
   Where questions are in themselves proper, and call for
   legal and competent evidence, but the answer is objection-
   able, the objection, in order to be availing, should be fol-
   lowed by a motion to exclude the objectionable answer.

7. *Evidence; what competent to show no abandonment of prem-
   ises.*—In an action for forcible entry and unlawful detainer,
   in order to show no abandonment of the premises by the
   plaintiff on the moving out of his tenant, it is competent to
   show that he had instructed an agent to take charge at that
   time.

8. *Same; declarations of agent.*—In an action for forcible entry
   and unlawful detainer, to show possession by force, the
   declarations made by agent while taking possession are
   competent.

9. *Same; warning persons to keep off; proof of demand for pos-
   session.*—In an action for forcible entry and unlawful de-
   tainer, the fact that defendant warned the agent of the
   plaintiff who had been sent to take charge, and all others,
   to keep off, is competent as tending to show forcible pos-
   session, and is sufficient proof of demand for possession be-
   fore suit is brought.

APPEAL from the City Court of Birmingham.

Tried before the Hon. WM. W. WILKERSON.

This was an action of forcible entry and unlawful de-
tainer and was originally instituted in the justice court
by the appellee against the appellant. The complaint
as originally filed in the justice court and the city court
described the property as "one house and lot in Little-
ton, Jefferson county, Alabama, in the N. E. ¼ of the S.
W. ¼ of Sec. 31, T. 15, R. 4 of which plaintiff was in
possession," etc. By amendment the description was
made more certain and definite by setting out the metes
and bounds, and to this amendment objection was made,
because of an alleged departure. By another amend-
ment to the compaint it was alleged that defendant,
after entering upon the premises, warned all persons and
especially the plaintiff, to keep off the premises. A
motion to strike this part of the complaint was over-
ruled.

The defendant filed four special pleas, besides
the general issue. The first alleged that plaintiff was

never in possession; the second, that he was never in rightful possession; and the third, that he was never in undisputed possession. The fourth special plea, among other things, set up as a defense that plaintiff had wrongfully and forcibly obtained and held possession from defendant. A demurrer to the first three special pleas and a motion to strike the fourth were sustained.

Upon the trial it was disclosed that on or about the 20th day of June, 1898, the plaintiff rented the premises to one McDonald, who occupied the same and paid the rent to the plaintiff from that time until September, 1899; that in September, 1899, when said McDonald was moving from said premises, and before he had finished, two negroes, Lockett and Moore, who were originally made defendants, but against whom the cause was discontinued, moved into the house and stated that they were taking possession under and for the defendant. The plaintiff's testimony further tended to show that soon after McDonald moved from, and Lockett and Moore moved upon, the premises, the agent of the plaintiff met the defendant and was warned by the defendant not to enter upon the premises, and threatened with a criminal prosecution if he did so. No objection was made by anyone when Lockett and Moore moved upon the premises and no force was used by them. The plaintiff also offered to show that he had instructed an agent to take possession of the premises when McDonald moved off.

The testimony for the defendant tended to show that he had been in possession of the premises from 1889 until June 22, 1898; that in 1898 he rented the premises to one Dunbar, and that in June of that year, while the defendant was absent, Dunbar moved out and McDonald moved in; that he made repeated demands upon McDonald for rent, which he refused to pay, and he never consented to his occupancy. The other facts sufficiently appear in the opinion. The cause was tried by the court without a jury, and judgment rendered for the plaintiff. The defendant appeals, and assigns as error the judgment for plaintiff and the rulings of the court upon the pleadings and evidence.

[Bibby v. Thomas.]

JOHN J. MOORE, for appellant.—(1.) To have a forcible entry and detainer the element of force or fear must be present.—Code, 1896, § 2126. (2.) Prior possession is necessary to support the action.—*O'Donohue v. Holmes*, 107 Ala. 489; *Knowles v. Ogletree*, 96 Ala. 555; *Espalla v. Gottschalk*, 95 Ala. 254; *Clemens v. Hays*, 76 Ala. 281; *Brady v. Huff*, 75 Ala. 80. The possession must be actual; constructive possession is not sufficient. *Horsefield v. Adams*, 10 Ala. 9; *Wray v. Taylor*, 56 Ala. 188. (3.) The defendant may plead more pleas than one; and if he does not rely solely on a denial of the plaintiff's right of action, must plead specially the matter of defense.—Code, 1896, § 3295. (4.) Amendment allowed effected a complete change of parties. *Leatherwood v. Suggs*, 96 Ala. 383. (5.) The acts or declarations of a person who assumes to act as the agent of another are not admissible evidence against his supposed principal, without some independent proof of the agency.—*Wailes v. Neale*, 65 Ala. 56; *Lenoir v. Postal Tel. Co.*, 107 Ala. 640. (6.) Special matters of defense must be specially pleaded.—*Petty v. Dill*, 53 Ala. 641; *Slaughter v. Doe*, 67 Ala. 494. (7.) If the defendant takes possession of the premises peaceably, to support an action of forcibly entry and detainer there must be a demand of possession and unlawful refusal thereof, or force or threats used in turning or helping the party out of possession.—*Knowles v. Ogletree, supra*. (8.) In the absence of force or threats, two facts must exist to support an action: 1st. There must have been a peaceable intrusion upon a prior actual possession; 2d, There must have been a demand of possession and refusal.—*Wray v. Taylor, supra; Kellum v. Balkum*, 93 Ala. 317. (9.) The rule is that where neither party has the true title, the older possession gives the better right, and such right is not defeated by a subsequent entry and occupation by the opposing claimant until it has ripened into title by adverse possession.—*Anderson v. Mclear*, 56 Ala. 621; *Mills v. Clayton*, 81 Ala. 391; *Strange v. King*, 84 Ala. 212; *Reddick v. Long*, 124 Ala. 260.

23

W. K. TERRY and BERNARD HARSH, *contra.*—(1.) The court did not err in overruling the motion to strike part of the second count of the complaint. Such language and conduct would relieve plaintiff from making a demand for possession, and show forcible holding.—*Farley v. Bay Shell Road,* 125 Ala. 184; *Mallon v. Moog,* 121 Ala. 323. (2.) No error in sustaining demurrers to second, third and fourth pleas. They presented an immaterial issue and constituted no device of wrong complained of. Moreover, defendant had benefit of said pleas under the general issue. (3.) No error in sustaining the motion to strike the fifth plea. The defendant received benefit under the general issue and plea was no defense.—*Bowers v. Cherokee Bob,* 45 Cal. 503. (4.) No error in allowing the amendment setting out metes and bounds of land.—*Wright v. Lyle,* 4 Ala. 115; *Huffaker v. Boring,* 8 Ala. 87. (5.) Declarations of party in possession, competent to show character of possession. 1 Greenleaf on Evidence, § 109. (6.) Testimony that agent of plaintiff was ordered off premises, competent to show forcible holding.—*Farley v. Bay Shell Road supra.*

DOWDELL, J.—While it is not necessary in a complaint of forcible entry and unlawful detainer to aver that the defendant, after entering upon said premises, warned all other persons, especially the plaintiff, to keep off the premises, yet when averred in the complaint, there is no error in refusing to strike the same on motion of the defendant.

There was no error in the ruling of the court upon the second, third and fourth pleas. All of these pleas were fatally defective in their allegations, and besides the defendant had the benefit, under the plea of not guilty, of any valid defense sought to be set up under the second, third and fourth pleas.

The fifth plea was an attempt to answer the complaint by replying that the plaintiff had previously forcibly entered and detained said premises from the defendant. It is no answer to a complaint for forcible entry and detainer that the plaintiff has been guilty of the same

wrong towards the defendant. Moreover, in so far as said plea avers an abandonment of said premises by plaintiff's tenant, McDonald, and a peaceable re-entry upon said premises by the defendant, it was competent to show this under the plea of not guilty. Consequently no injury resulted to the defendant by the court's action upon this plea; hence no reversible error.

There was no error in the allowance of the amendment to the complaint. This amendment constituted no departure, but only gave a more definite and particular description of the property.—*Farley v. Bay Shell Road Co.*, 125 Ala. 184.

The cause was tried by the court without the intervention of a jury, and judgment rendered for the plaintiff. There were several objections and exceptions reserved upon the trial in the introduction of evidence, but in none of these have we been able to discover that the court committed any error. Some of the objections were to questions propounded to the witness and ending with the objection to the question, without exception being reserved to the answers. Where questions are in themselves proper, and call for legal and competent evidence, but the answer is objectionable, the objection, in order to be availing, should be followed by a motion to exclude the objectionable answer. It was competent for the plaintiff to show that he had instructed Morgan to take possession of the premises upon the moving out of plaintiff's tenant McDonald. This evidence tended to show, and did show, that there was no abandonment of the possession by the plaintiff upon the termination of McDonald's occupancy. It was also competent for the plaintiff to show the declarations of the persons who entered and took possession of the house by direction of the defendant while McDonald was in the act of moving out; such declarations being made by said parties while in the act of taking such possession. It cannot be doubted that if such declarations had been made by the defendant himself, that the same would have been competent in evidence against him, and it is not denied, but admitted, that these parties entered upon the premises under defendant's direction. The defendant in his own

testimony admits that he warned the plaintiff's son, who had been sent as agent of the plaintiff to take possession after McDonald had moved out, to keep off the premises, and furthermore threatened him, if he did not, with a prosecution for trespass. Consequently the testimony upon the part of the plaintiff to the effect that the defendant had warned all persons, and especially the plaintiff, to keep off of said premises, if error at the time of its admission, was without injury, inasmuch as the defendant subsequently admitted what this evidence tended to show; besides, the evidence was legitimate and proper as tending to show, not only that the defendant was holding possession by force, but also dispensed with any further proof by plaintiff of a demand for possession before suit was brought.—*Farley v. Bay Shell Road Co., supra.*

We find no error in the record, and the judgment of the court below is affirmed.

Affirmed.