# Brown *v.* Beatty.

*Statutory Action for Unlawful Detainer.*

1. *When action lies.*—The vendor of lands can not maintain an action of unlawful detainer (Code, § 3697) against a purchaser, who, having originally entered as tenant under a lease, which was afterwards abrogated, has continued in possession under an executory agreement for the purchase of the lands, and has failed to comply with the stipulations of said contract, whereby he has forfeited all rights under it.

APPEAL from the Circuit Court of Tuskaloosa.

Tried before the Hon. JOHN MOORE.

This was a statutory action for the unlawful detainer of land, commenced in a justice's court on the 1st September, 1883, by Randall R. Brown against Wm. M. Beatty, and removed by appeal, at the instance of the plaintiff, into the Circuit Court. The complaint alleged, that the defendant entered into the possession of the premises, on the 6th November, 1880, under a contract of lease from plaintiff; that this contract was abrogated and annulled, by mutual agreement of the parties, on the 23d July, 1881, by which plaintiff agreed to sell, and the defendant and another agreed to purchase the premises, on certain terms then agreed on between them, as evidenced by the contract then reduced to writing and signed by both parties, which was set out in the complaint; that defendant and his co-purchaser failed to comply with the stipulations of said contract on their part, whereby they forfeited all rights under it; that plaintiff thereupon notified them that he rescinded the contract, and made a written demand of possession; that defendant refused to surrender the possession, though his co-purchaser disclaimed possession, and consented that plaintiff might enter, &c. The court sustained a demurrer to the complaint, and its judgment is now assigned as error.

A. C. HARGROVE, for appellant.

JNO. M. MARTIN, *contra.*

SOMERVILLE, J.—An action of unlawful detainer can not be maintained in the present case. The defendant is shown to have been placed in possession of the premises sued for, under a contract of *purchase* from the plaintiff, and is claiming ownership, presumptively, under this written evidence of title. It may be that the legal title of the lands is in the plaintiff, and that he is entitled to recover possession of them, by reason of the defendant's forfeiture of his right of possession *and title*, under the express stipulations in the contract of sale and purchase. But, in the absence of all relationship of landlord and tenant, the question involved is necessarily one as to the merits of the title. There is no invasion by the defendant of the prior *actual* possession of the plaintiff, made wrongful by an unlawful detention after demand in writing. The interest acquired by defendant, under his contract of purchase, was more than a mere "possessory interest," within the meaning of the statute defining an unlawful detainer.—Code, 1876, § 3697. It was an equitable title, capable of being perfected into a legal one, by the performance of certain specified conditions. Whether these conditions have been performed, and whether, therefore, the title has become invested in defendant under the contract, may be the very issue for trial in the cause. This would involve a direct inquiry into "the estate, or merits of *the title*," which is expressly prohibited by statute, being more properly the subject of investigation in an action of ejectment. Code, 1876, § 3704; *Houston v. Fariss & McCurdy*, 71 Ala. 570; *Beck v. Glenn*, 69 Ala. 121; *Womack v. Powers*, 50 Ala. 5; *Russell v. Desplous*, 29 Ala. 308; Trial of Title to Land (Sedgw. & Wait), § 94.

The demurrer to the complaint was properly sustained, and the judgment of the Circuit Court is affirmed.