## Giddens *v.* Bolling.

### *Statutory Action of Unlawful Detainer.*

1. *General objections to evidence.*—A general objection to evidence, not specifying any particular ground of objection, may be overruled; and an objection to a mass of evidence, part of which is legal, may also be overruled.

[Giddens v. Bolling.]

2. *Evidence as to value of rent.*—In an action of unlawful detainer, the defendant having taken an appeal, and executed a *supersedeas* bond, the plaintiff is entitled to recover, if the judgment is affirmed, "the value of the rent of the premises pending the appeal" (Code, § 3411); and as tending to show that value, he may prove the value of the annual rent.

3. *Parol evidence identifying land.*—In an action of unlawful detainer, parol evidence is admissible to identify the tract of land described in the written notice, or demand of possession, as the same tract more particularly described in the complaint.

4. *Rent as damages, or penalty, against tenant holding over.*—Double the annual rent, given by statute as damages or penalty against a tenant holding over after written notice or demand of possession (Code, § 3391), is merely an incident to the recovery of possession of the land, and a recovery can not be had in the justice's court for an amount in excess of his jurisdiction; nor can a greater recovery be had in the Circuit Court on appeal, except for rent pending the appeal when a *supersedeas* bond has been given (*Beck v. Glenn*, 69 Ala. 125, explained and corrected.)

5. *Sub-renting by tenant, or entry by third person in adverse right.*—A sub-renting of a part of the premises by the tenant, or entry by a third person by collusion with him, will not defeat the action; but, if a third person enters in assertion of an adversary interest, the plaintiff can only recover judgment for that portion of the land of which his tenant still retains possession.

6. *Waiver of objection to evidence.*—When illegal evidence is admitted without objection, it is before the jury for their consideration; but this principle does not apply to evidence which only tends to establish a defense which the law does not permit, and thereby render erroneous a general charge in favor of the plaintiff.

7. *Estoppel between landlord and tenant; fraudulent contract as between parties.*—In an action of unlawful detainer against a tenant holding over, he can not be allowed to testify that he never rented the premises from the plaintiff; nor that he signed the note for rent "with the understanding that it was not to be paid, but was to go that way to keep his creditors from subjecting his property to the payment of his debts."

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This was an action of unlawful detainer brought by the appellee, against the appellant; and was commenced before a justice of the peace. Upon the trial, as is shown by the bill of exceptions, the plaintiff introduced in evidence the rental note given to him by the defendant on March 26th, 1889, which was in the following language: "On the 1st day of October next, I promise to pay R. E. Bolling, or order, eight hundred dollars rent for the R. E. Bolling Brier Hill Plantation in Pike County, Alabama, for the year 1889." This note was signed by J. C. Giddens, and duly attested by one G. P. Waller. The defendant objected and excepted to the introduction of this note in evidence. The plaintiff also introduced in evidence, against the objection and exception of the defendant, the written demand for the premises served upon the defend-

[Giddens v. Bolling.]

ant by the plaintiff on the 2d of January, 1890, which were·
in words as follows :

"Montgomery, Ala., January 2d, 1890.   Mr. J. C. Giddens,.
Brier Hill, Ala., Dear ·Sir :—I desire the possession of my
Brier Hill Place rented to you last year, 1889.   You will
please deliver the possession of said rented premises, including
the house occupied by you as a residence and the out houses
and adjoining lands, to my agent Mr. G. W. Huey, who hands
you this request or demand.   Signed R. E. BOLLING."

Defendant moved to exclude this written demand which
the court overruled and the defendant duly excepted.

The plaintiff testified that the Brier Hill Place mentioned in
the said demand included the plantation, store-house, and
dwelling house and other houses in the village of Brier Hill,.
as described in the complaint; that the plantation adjoins the
property which was in the village, and which consisted of the
said store-house, dwelling house occupied by one Mills, and
other houses.   All other facts are sufficiently shown in the
opinion.

In addition to the evidence as testified to by the defendant,
he further testified that prior to the commencement of this
suit he had rented out the said plantation to various parties
for the year 1890 ; and had also rented store-house and dwel-
ling house in Brier Hill to one Mills, and that said Mills was
occupying the same.   The plaintiff, in rebuttal to the defend-
ant's testimony, testified that the rental contract was entered
into and the note executed in good faith, and with no inten-
tion to defraud creditors.   Upon the introduction of the evi-
dence, the court, at the request of the plaintiff, gave the affirma-
tive charge in favor of the plaintiff, and also charged the jury
that "If they believed the evidence, they will find the annual
value of the rent of the property sued for."   The defendant
separately excepted to each of these charges as given, and also
reserved an exception to the court's refusal to give the fol-
lowing written charge, requested by him:   "In considering
the value of the rent, the jury must not estimate the value of
the store-houses or other houses occupied by Mills, under the
contract for rent prior to the commencement of this suit."

There was judgment for the plaintiff; and on this appeal,
prosecuted by the defendant, he assigns the various rulings of
the court as error.

GARDNER & WILEY, for appellant.

E. P. MORRISSETT, *contra*.—The court did not err in its rul-
ings upon the evidence.—*Steed v. Hinson,* 76 Ala. 298 ; *Guil-*

*martin v. Wood, Ib.* 204; *Chambers v. Ringstaff,* 69 Ala. 140; *Gunn v. Clenderman,* 68 Ala. 294. There was no error in the charges given.— *Williams v. Higgins,* 60 Ala. 523; 3 Brick. Dig. p. 144, § 42.

COLEMAN, J.—Appellee Bolling sued the appellant in an action of unlawful detainer before a justice of the peace, and recovered a judgment for the land. The case was appealed to the Circuit Court. On the trial in the Circuit Court, certain exceptions were reserved to the ruling of the court on the admission of testimony, to the charges given, and the refusal to charge as requested. The note given by defendant to plaintiff for the rent of the land, and also the notice to defendant to vacate the premises, appear in the statement of the facts of the case. There are three assignments of error; the first, for refusing to exclude evidence on motion of defendant; second, in the charges given; and, third, for refusing to charge as requested.

The first motion was to exclude as evidence the written demand to vacate the premises. No reason is assigned to sustain the motion, and we presume none could be. The objection, also, is too general.

The next motion was to exclude the "foregoing evidence," without further specifying the objectionable evidence, or assigning any reason for the motion. Such an exception is general, and may be overruled.—*Hayes v. Wood,* 72 Ala. 92; 3 Brick. Dig. p. 443, §§ 567–570. It can not be maintained that a part of the "foregoing evidence," if not all of it, was not legal evidence, and the exception included all the evidence, which had been introduced, including the note given for the rent and the written demand to vacate.— *Warren v. Wagner,* 75 Ala. 188; *Fonville v. State,* 91 Ala. 39.

Plaintiff introduced one Huey, who further testified that six hundred dollars a year was a fair rental value pending the appeal. The objection was taken to this evidence as a whole. The defendant having executed a *supersedeas* bond on his appeal from the justice's court, it was competent to prove on the trial in the Circuit Court the value of the rent pending the appeal.—Code, § 3411. A general objection to evidence, a part of which is legal, may be overruled.—Authorities *supra.*

It was competent to prove by parol the lands known as the "Brier Hill Plantation," so designated in the rent note and in the written notice to vacate, as the "Brier Hill Place," &c.— *Vann v. Lunsford,* 91 Ala. 576; *Guilmartin v. Wood,* 76 Ala. 204; *Chambers v. Ringstaff,* 69 Ala. 140.

[Giddens v. Bolling.]

The defendant, among other things, testified "that he had never rented any property from the said R. E. Bolling; that the note was given with the understanding that it was not to be paid, but was to go that way to keep his creditors off." This testimony was admitted without objection.—24 Ala. 329; 31 Ala. 108; 65 Ala. 390. However overwhelming the court may consider the evidence on either side, when there is evidence tending to establish a contrary conclusion, and which, if believed by the jury, would defeat a recovery, the court is not authorized to give the general charge.—*Carter v. Shorter*, 57 Ala. 254; *Seals v. Edmondson*, 73 Ala. 296; 3 Brick. Dig. p. 110.

The trial being on an appeal from a justice's court, a judgment could not be rendered on appeal in the Circuit Court for an amount for the annual rent which exceeded the jurisdiction of the justice's court.—*Lykes v. Schwarz*, 91 Ala. 461. Plaintiff had the right to release so much of the judgment as was for the annual rent before the adjournment of the court; and if he did so, this error would have been without injury. In an action for unlawful detainer, the recovery of rent is a mere incident to the recovery of possession of the land. If the amount of rent exceeds the amount of the jurisdiction of the justice's court, unless the plaintiff is willing and does release all in excess of the justice's jurisdiction, the rent can only be recovered in a separate action, in a court having jurisdiction of the amount. The rent here referred to is that which may be claimed as due at the time of the trial of the unlawful detainer suit, and not to the rent "pending the appeal." For the rent pending the appeal express statutory provision is made; and on the trial of the appeal, the appellate court, having jurisdiction of the amount of rent pending the appeal, may render judgment for such rent.—Code, § 3411. This section provides that "judgment may, also, be rendered against the defendant and his sureties on his *supersedeas* bond, for the value of the rent of the premises pending the appeal." The execution of the *supersedeas* bond secures to such plaintiffs, in such appeal cases, full indemnity and redress without the delay and expense of a new and independent suit.—*Robbins v. Battle House*, 74 Ala. 506.

In the case of *Beck v. Glenn*, 69 Ala. 125, the conclusion of the court was correct on the facts proven in the trial court. The judgment of the trial court was against the defendant and his sureties on the *supersedeas* bond for $150.00, being "the value of the use of the premises pending the appeal." The Supreme Court, in the opinion, affirmed the judgment on the ground that it was authorized under section 3709 of Code of

[Wright v. Hurt.]

1876, 3391 of Code of 1886; whereas, the affirmance should have been under section 3411 of the present Code, 3712–3713 of the Code of 1876, and not section 3709 of the Code of 1876. The proper construction of these various sections have been considered and construed in the case of *Lykes v. Schwarz, supra,* decided at the present term.

Although the action is possessory, and grows out of the relation of landlord and tenant, a re-renting, or sub-renting of a part of the premises, or any collusion by which other parties are placed in possession of a part of the premises, will not defeat the action.—*Snoddy v. Watt,* 9 Ala. 609; *McGonegal v. Walker.* 23 Ala. 368. If third parties, asserting a right in themselves, and independently of the landlord, or his tenant, take possession, the action of unlawful detainer is not the proper action in such case, but it would prevail against the tenant himself, and a judgment could be rendered against him for that portion of the land unlawfully detained by him.

We do not intend to change the rule, that if illegal evidence is admitted without objection, it is before the jury for consideration; but we hold that this principle does not apply, when the defence attempted to be established by such evidence is one that the law does not permit. A tenant can not deny the title of his landlord. Neither will one who, to defraud his creditors, enters into a fraudulent transaction, be allowed to profit by it.

Under this view of the law, the court did not err in giving the general charge for the plaintiff.

Affirmed.