# Anderson v. Anderson.

*Statutory Action of Unlawful Detainer.*

1. *Action of unlawful detainer; estoppel between landlord and tenant.* A tenant in possession is estopped to deny the title of the landlord under whom he entered, or to whom he attorned; and, in an action of unlawful detainer brought by the landlord against his tenant holding over the term of his lease, the tenant can not set up a superior legal title, and evidence tending to show such title is inadmissible.

APPEAL from the Circuit Court of DeKalb.

Tried before the Hon. JOHN B. TALLY.

This was an action brought by the appellee, Cam Anderson, against the appellant, R. E. Anderson, for the unlawful detainer of a lot in the city of Fort Payne. The plaintiff claimed title to the premises involved in this suit under a deed executed to him by the sheriff. This property was sold by the sheriff under an execution issued against the defendant, R. E. Anderson, and at said sale the plaintiff became the purchaser. After this proceeding the said Anderson attorned to the plaintiff and entered into a contract for the rent of the premises, the principal provision of which contract is copied in the opinion. After the expiration of the lease, the defendant held the property, and upon his refusing to surrender the same the plaintiff served upon him the following written notice: "To R. E. Anderson, Fort Payne, Ala. Dear Sir: You are hereby notified to vacate and remove all your effects from the property you now rent from me

as landlord, towit : from the two story brick dwelling house, situated on lot eighteen, block thirteen in the city of Fort Payne, Alabama, as surveyed by L. N. Christensen, at once, and failing so to do by Tuesday, June 7th, 1892, suit will be instituted against you for the possession of said property. Signed in duplicate this 4th day of June, 1892. Cam Anderson, By Howard & Ewing Attys." The defendant objected to the introduction in, evidence of this said notice, on the grounds that it was not a sufficient demand for the possession of the premises, and that there was not such certainty of the date of the service of the notice as the law required. This objection was overruled, and the defendant excepted.

The defense of the defendant was based upon the fact that at the time of the sale he had filed with the clerk of the circuit court his bond for an appeal from the judgment recovered against him, upon which the execution under which the sale was made was issued, and had also filed with said clerk a supersedeas bond. The defendant offered to introduce in evidence the record of the proceedings in the case against him, in which said judgment had been recovered, but upon the objection of the plaintiff this record of the proceedings was excluded. To each of these rulings of the trial court the defendant duly excepted. Upon the introduction of all the evidence the court, at the request of the plaintiff, gave the general affirmative charge in his behalf, and to the giving of this charge the defendant duly excepted. There was judgment for the plaintiff, and defendant appeals. The rulings of the trial court upon the evidence, and the giving of the general affirmative charge for the plaintiff are assigned as error.

DAVIS & HARALSON, for appellant.

AMOS E. GOODHUE, *contra*.

COLEMAN, J.— This was an action for an unlawful detainer of premises, instituted by appellee, Cam Anderson, against the appellant, R. E. Anderson.

The plaintiff introduced in evidence a written contract executed by both parties, by which the premises were rented to the defendant for a stated term. The rental contract states that the said "Cam Anderson having de-

manded possession of said property, which possession the said R. E. Anderson fully surrenders and attorns to the said Cam Anderson and recognizes the said Cam Anderson as landlord." The contract contains other provisions, but which can exert no influence in the case. There was an objection to the introduction of this contract, but upon what grounds is not stated. The bill of exceptions expressly stated, that the objection was not on the grounds that the execution of the agreement was not duly proven. The evidence also shows a holding over by the defendant after the termination of the lease, and a written demand to deliver possession and refusal, before the bringing of the suit. We can see no purpose intended to be effected by the evidence offered by the defendant, and which was excluded by the court, except to show a want of title or property interest in the landlord to the premises. This cannot be done in an action of unlawful detainer. The rental contract shows prior legal possession by the landlord.—*Nicrosi v. Phillipi*, 91 Ala. 299; *Giddens v. Bolling*, 92 Ala. 586; *Kellum v. Balkum*, 93 Ala. 317; *Houston v. Farris*, 71 Ala. 570.

If the defendant has a superior legal title, he should first surrender possession of the premises, and then resort to his superior legal title, in a proper action, where the contested facts may be settled by a jury, and the best legal title must prevail.—*Barlow v. Dahm*, 97 Ala. 414.

There is no error in the record, and the case must be affirmed.