# Barefoot v. Wall.

## *Unlawful Detainer.*

1. *Unlawful detainer; possession by tenant.*—When in an action for unlawful detainer, it is shown that the occupant enters as a tenant, or being in possession, attorns to one claiming the possession, such tenant, if he continues in possession obtained by attornment, or promise to pay rent, no fraud having been practiced upon him, cannot deny the previous possession or right to possession of the person to whom he attorned or promised to pay rent; nor can he, without first surrendering the possession to the landlord, introduce evidence to show that he obtained possession from, and held under a third person.

2. *Same; statute of limitations.*—Where a tenant in possession has within three years of the bringing of the suit, promised to pay rent, an action of unlawful detainer is not barred by the statute of limitations.

3. *Same; evidence of title.*—In an action of unlawful detainer, titles cannot be inquired into, but it is sometimes permissible to introduce written evidence of title or color of title, not for the purpose of showing title to the land, but to show the extent of the actual possession claimed.

APPEAL from Pike Circuit Court.

Tried before Hon. JNO. R. TYSON.

This action of unlawful detainer was brought by the appellant against appellee on 15th February, 1894, and tried upon pleas of the general issue and the statute of limitations.

The testimony of the plaintiff in his own behalf, was that the defendant was his son-in-law; and that until about 1881, neither he nor the defendant laid any claim

to the land in dispute, which was then entirely woodland, but in that year, the defendant cleared a portion of it, but abandoned it. The witness then took possession of it, clearing and cultivating it for one year, and then put the defendant in possession of this, together with the other land owned by the plaintiff, telling him at the time, that he would call for rent when he needed it, and that within three years from the beginning of the suit, he stated to the defendant, that as he, the plaintiff, was growing old, the former should pay rent for the land, which he agreed to do. He further testified that he having heard that one Barnes intended bringing suit for the land, he bought it at tax sale, and since that time, he had paid all taxes on the land, and had frequently cut and taken timber from it. The plaintiff then offered in evidence, the tax deed, which had been duly acknowledged and recorded, but upon objection by the defendant, it was excluded. Several other witnesses for the plaintiff testified that the defendant had declared that he held the land under the plaintiff, and was to pay rent for it.

The defendant testified that the plaintiff had never cultivated or been in possession of the land in dispute, and that he had never agreed to pay plaintiff rent for it: also that the declarations made by him about paying rent, to which plaintiffs witnesses had testified, had reference to another piece of land, which he was renting from the plaintiff. He also testified that he had obtained possession of the land in controversy from Barnes, under a contract of renting, had paid some rent to him, and had executed to him a note for the rent of the current year. In this, he was corroborated by Barnes.

The court charged the jury to find for the defendant if they believed the evidence.

From a judgment for defendant, the plaintiff appealed.

HUBBARD, WILKERSON & HUBBARD, for appellant.

BORDERS & CARMICHAEL contra.

COLEMAN, J.—The present suit was instituted by the appellant to recover possession of a parcel of land held by the defendant. The action is for an unlawful

detainer. Ordinarily to authorize a recovery in this action, the plaintiff must show previous possession, but when the occupant enters upon possession as a tenant, or being in possession attorns to one, who claims the possession, such tenant, if he continues in possession obtained by attornment or promise to pay rent, no fraud having been practiced on him, cannot deny the previous possession of the person to whom he attorned, or promised to pay rent, or the right of the landlord to the possession. Nor is it permissible for the tenant, when sued for an unlawful holding over, after the termination of his estate, acquired from the plaintiff, without first surrendering possession to his landlord, to introduce evidence that he obtained possession from a third person and held it under such rental agreement. If the jury had found from the evidence that the defendant entered upon or held possession, under these circumstances, from plaintiffs, then they should have been instructed to disregard the evidence of Barnes and other witnesses, which tended to show a leasing from Barnes, or a holding of his own right.

The testimony of plaintiff and his witnesses and defendant and his witnesses was in direct conflict, and the jury alone were competent to determine the truth of the controverted facts. The testimony of the plaintiff tended to show a prior actual occupancy and cultivation of the land by him, the entry of defendant, who was the son-in-law of plaintiff, by his permission, the continued occupancy under such permission, notice to defendant, that he must pay rent, his repeated promises to pay rent to plaintiff made within less than three years, as shown by different witnesses. If the jury should find this evidence to be true, the statute of limitation of three years did not bar the action, and the plaintiff would be entitled to recover.—*King v. Bolling*, 77 Ala. 594.

On the other hand, if the jury should find that the defendant at no time held possession under the permission of the plaintiff, and did not agree to pay the plaintiff rent for the land, or that the statute of limitation of three years had effected a bar to the action as provided in section 3390 of the Code, the plaintiff could not recover. The evidence on these questions being in direct conflict, it was error for the court to give the affirmative charge for the defendant. Titles cannot be enquired

[Culver, Admr., v. Alabama Midland Railway Co.]

into in this action. It is sometimes permissible to introduce written evidence of title or color of title in the action of unlawful detainer, not for the purpose of showing title to the land, but to show the extent of actual possession claimed, as where under color of title a person is in actual possession of a part, the possession extends to the limits described in the deed or instrument conveying color of title.—*Turnley v. Hanna*, 82 Ala. 139. The plaintiff did not state for what purpose he proposed to introduce his tax deed, nor do we decide that the facts authorized the introduction of the tax deed for any purpose. The court did not err in sustaining the objection to this evidence, as offered by the plaintiff.

Reversed and remanded.