(80 South. 847)

EDWARDS v. LOUISVILLE & N. R. CO.
(1 Div. 64.)

(Supreme Court of Alabama. Dec. 19, 1918. Rehearing Denied Feb. 13, 1919.)

1. PLEADING ⬤⟿106(1) — PLEA IN ABATEMENT—SUFFICIENCY.

A plea in abatement is bad unless it gives the plaintiff a better writ.

2. JUSTICES OF THE PEACE ⬤⟿92—PLEA IN ABATEMENT—UNLAWFUL DETAINER ACTION.

In an unlawful detainer action, a plea in abatement denying jurisdiction of the justice of peace, on the ground that cause of action accrued in adjoining precinct in which property was situated, under Code 1907, § 4267, was demurrable, where it failed to allege that there was a justice of peace in adjoining precinct qualified to try cause.

3. JUSTICES OF THE PEACE ⬤⟿72—UNLAWFUL DETAINER ACTION—JURISDICTION OF COURT.

In view of Code 1907, § 4267, unlawful detainer action was properly brought before justice of peace of precinct adjoining that in which property was situated, though the office of justice of peace in latter precinct had not been vacated, where such office had no incumbent.

4. LANDLORD AND TENANT ⬤⟿288, 290(3)— UNLAWFUL DETAINER PROCEEDINGS—RERENTING OF PREMISES—COLLUSION.

Although unlawful detainer action is possessory and grows out of the relation of landlord and tenant, a rerenting or subletting of a part of the premises, or any collusions by which other parties are placed in possession of a part of the premises, will not defeat the action.

5. LANDLORD AND TENANT ⬤⟿291(8)—"UNLAWFUL DETAINER" PROCEEDINGS—POSSESSION BY SURVIVING WIFE—SUFFICIENCY OF COMPLAINT.

In unlawful detainer action against surviving wife of plaintiff's lessee, complaint alleging that husband of defendant went into possession under a lease from plaintiff, and that defendant entered into possession under the tenancy of her husband as his wife, held sufficient allegation of defendant's possession of the property, notwithstanding Code 1907, § 4263, defining "unlawful detainer" as where tenant refuses to deliver possession.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Unlawful Detainer.]

6. LANDLORD AND TENANT ⬤⟿291(8)—UNLAWFUL DETAINER ACTION—COMPLAINT— —POSSESSION OF PLAINTIFF.

In unlawful detainer action, complaint held to sufficiently allege plaintiff's possession.

7. LANDLORD AND TENANT ⬤⟿62(3)—ESTOPPEL—TITLE TO PROPERTY.

Lessee will be estopped from setting up any title adverse to lessor while retaining possession.

8. LANDLORD AND TENANT ⬤⟿64—UNLAWFUL DETAINER ACTION — ESTOPPEL — ADVERSE TITLE TO PROPERTY.

Where defendant in unlawful detainer action entered into the possession of the property, by virtue of being the wife of lessee, she will be estopped from setting up title adverse to lessor, while retaining such possession.

9. APPEAL AND ERROR ⬤⟿1071(6)—REVIEW— HARMLESS ERROR.

Court's failure to make a special finding of facts upon defendant's written request therefor, under Code 1907, § 5360, if error, was harmless, where under the undisputed evidence plaintiff was entitled to recover.

10. COURTS ⬤⟿101 — HEARING — CIRCUIT COURT—NUMBER OF JUDGES.

On appeal to circuit court of Mobile county from justice of peace court in unlawful detainer action, the trial was properly held before only one instead of all three of the judges.

Appeal from Circuit Court, Mobile County; Norville R. Leigh, Jr., Judge.

Action by the Louisville & Nashville Railroad Company against Mary E. Edwards. Judgment for plaintiff, and defendant appeals. Affirmed.

Frederick G. Bromberg, of Mobile, for appellant.

Gregory L. & H. H. Smith, of Mobile, for appellee.

GARDNER, J. Action of unlawful detainer brought by appellee against appellant in the justice of the peace court of Grand Bay, precinct No. 15, in Mobile county, Ala. From the judgment rendered in the justice of the peace court for the plaintiff, the defendant appealed to the circuit court, where the cause was tried without a jury, resulting in a judgment for the plaintiff, from which judgment the defendant prosecutes this appeal.

One phase of this litigation has been previously before this court. Ex parte Edwards, 196 Ala. 638, 72 South. 256.

The first question presented for consideration upon this appeal relates to the ruling of the court in sustaining a demurrer to a plea in abatement, which in substance denies the jurisdiction of the justice of the peace trying the cause, upon the ground that the cause of action accrued to the plaintiff in the adjoining precinct, known as St. Elmo, precinct No. 16, and not at Grand Bay precinct, or elsewhere, within the jurisdiction of said justice of the peace. This plea was demurred to upon the ground that it did not show that at the time of the bringing of the suit there was a justice of the peace in said St. Elmo precinct qualified to try said cause, where it is alleged by said plea that the cause of action accrued, and that the plea in abatement does not allege sufficient facts to show that at the time of the bringing of said suit the justice of the peace in said Grand Bay precinct, in which said suit was brought, did not have jurisdiction to try said cause.

[1] It is a well-recognized rule that a plea in abatement is bad unless it gives the plaintiff a better writ. Lewis v. International Ins. Co., 198 Ala. 411, 73 South. 629; Mohr v. Chaffe & Co., 75 Ala. 387.

Section 4267 of the Code of 1907 provides that suits of this character must be brought before a justice of the peace of the precinct in which the lands or tenements are situated, but contains the following provision:

"If the office is vacated, or such justice, mayor, or intendent, is disqualified, from any cause, from sitting, then by the justice of some adjoining precinct."

[2] The suit was brought in the adjoining precinct, and the plea fails to allege there was a justice in St. Elmo precinct qualified to try the cause. We are therefore of the opinion the demurrer was properly sustained.

[3] It is admitted in brief of counsel for appellant there was no justice of the peace for said St. Elmo precinct; and the insistence seems to be that, as no justice of the peace had been elected for that precinct, yet the office had not been vacated, but merely that it has no incumbent, and that the Governor has the power to fill the vacancy by appointing a justice of the peace for such precinct. Much argument is indulged by counsel upon the meaning of the words "vacant" and "vacated." We do not consider, however, that this question needs extended discussion, as we are not in accord with this insistence of appellant's counsel, but are of the opinion that, under this admitted situation, the justice of Grand Bay precinct had jurisdiction to try the cause; there being no justice in the adjoining precinct of St. Elmo.

The counts of the complaint upon which the cause of action was tried sought recovery of the possession of a certain tract of land particularly described, therein, of which plaintiff was in possession, and upon which, pending such possession, and before the commencement of this suit, the defendant lawfully entered, under the following facts, to wit:

"The husband of defendant went into possession of said tract of land under a lease from plaintiff, and as plaintiff's tenant, and the said defendant entered into possession of said land under the tenancy of her said husband, as his wife; that the possessory interest of said defendant terminated on or before, to wit, the 19th day of June, 1914, and that after the termination of her possessory interest, and after plaintiff's demand in writing therefor, she unlawfully detains, together with $10 for the detention thereof."

Demurrers to these counts were overruled, and error is assigned as to this ruling of the court.

[4] The argument is based upon the contention that, under the provisions of section 4263 of the Code of 1907, an action of unlawful detainer can only be brought against a tenant, and the complaint is insufficient in that it fails to allege any demise to this defendant. While the complaint does not show a demise to the defendant herself, yet it does disclose a renting of the premises to the defendant's husband, and the possession of said premises by the defendant by virtue of her relationship as wife, and that therefore she was holding possession under the husband's tenancy. As said by this court in Giddens v. Bolling, 92 Ala. 586, 9 South. 274:

"Although the action is possessory, and grows out of the relation of landlord and tenant, a re-renting, or subrenting, of a part of the premises, or any collusion by which other parties are placed in possession of a part of the premises, will not defeat the action."

There is nothing in the opinion on the former appeal in this cause (Ex parte Edwards, supra) tending to a contrary conclusion. The sufficiency of the counts of the complaint was not a question before this

court at that time, and we do not think the language used can be properly construed as an indication of a view that the complaint did not sufficiently state a cause of action.

[5, 6] Possession in the plaintiff was also sufficiently averred. Nicrosi v. Phillipi, 91 Ala. 299, 8 South. 561; Kellum v. Balkum, 93 Ala. 317, 9 South. 463. The demurrers were properly overruled.

The evidence for the plaintiff tends to show that the property here sued for was in 1888 leased by the plaintiff to one Laurendine for a term of ten years, and that said Laurendine was in possession under said lease, and that subsequently one Danzy or Dancer leased the property from said Laurendine, and subsequent thereto said Danzy or Dancer leased to one Jackson. There was a storehouse and dwelling located on the property, and defendant and her husband moved on the property in 1893, while the Jacksons occupied the same. Defendant moved on the property with her said husband, and continued to reside thereon with him as his wife until the time of his death in the year 1914. He rented the property from the plaintiff for one year, and then his lease was renewed, and he duly paid the rent, which was a nominal sum. The last lease was executed in June, 1910, which was offered in evidence, and which expired in June, 1914. (Plaintiff's agent stated defendant's husband was in possession before the lease was executed, but such possession was the result of an "understanding" between the parties.) The said lessee died before the expiration of said lease, and the defendant remained in possession of the property subsequent to his death and until after the expiration of the term of said lease. That notice was given by the plaintiff to the defendant of the termination of the lease, and demand made for the possession of the property.

Counsel for appellant seem to be of the impression that there is a conflict in the evidence as to the service of those notices, but a careful consideration of the testimony, we think, clearly discloses that the testimony in this regard is without conflict.

The defendant offered no evidence by way of contradiction of that offered by plaintiff to the effect she moved upon the property with her husband, who retained possession as a tenant of plaintiff, but insists that upon moving upon the property they resided for a while with said Jackson, and that, while so in possession, the Jacksons executed to her a deed, and that she first claimed the property under this deed, executed in 1893. The important portion of this instrument reads as follows:

"Received of Mrs. M. E. Edwards the sum of two hundred and twenty-five $00/100$ in full value for the following property, to wit: One dwelling house, one office, stables, fences, etc.—said property purchased by us from J. P. Dancer. The above property is situated on the L. & N. R. R. land, with a front of 300 feet, by 300 feet deep. The lease we have coming from Jos. Laurendine, said lease having four years to run from this date. No ground rent will be due until above four years expires."

The lease to Laurendine, it might be here stated, reserved to lessee the right to remove the buildings placed on the property before the expiration of the lease, and it thus appears from the instrument offered by the defendant that she merely purchased from the Jacksons the improvements placed upon the property. The instrument itself discloses that the land was that of the Louisville & Nashville Railroad, originally leased to Laurendine.

[7] It clearly appears, therefore, from the undisputed evidence in this case, that had the suit been brought against the defendant's husband, the plaintiff would be entitled to recover, and that he would be estopped from setting up any title adverse to his landlord while retaining such possession. This principle is too well established to need discussion. Nicrosi v. Phillipi, supra; Norwood v. Kirby, 70 Ala. 397; Anders v. Sandlin, 191 Ala. 158, 67 South. 684.

[8] The defendant, under the undisputed evidence in this case, entered into possession of the property by virtue of being the wife of the lessee, Dr. Edwards, who, as the head of the family, selected the domicile. Spafford v. Spafford, 74 South. 354, L. R. A. 1917D, 773;[1] Winkles v. Powell, 173 Ala. 46, 55 South. 536. She therefore held possession under the plaintiff's tenant, and the rule of estoppel above cited applies with equal force to her.

Therefore, as to whether or not the deed of June, 1903, offered in evidence by the defendant purporting to have been executed to the defendant by the Bouchards embraced the property here involved is immaterial under the undisputed evidence in the cause.

Upon the trial of the cause in the circuit court on appeal the defendant requested the court "to find the facts in the trial of this cause." This request was in writing, and the judgment was rendered without a finding of the facts as requested. It is insisted that this was error, calling for a reversal of the cause, citing section 5360 of the Code of 1907; Germania Fire Ins. Co. v. Kitchens, 201 Ala. 674, 79 South. 246; Betancourt v. Eberlin, 71 Ala. 461.

[9] If it be conceded—a question not here necessary to be decided—that the above section is applicable to a case appealed from a justice court, yet we are of the opinion that in the instant case reversal should not be rested upon this failure of the court to make a special finding of facts; for, if error, it was clearly without injury or prejudice to the appellant, in view of the conclusion

202 Ala.—30

[1] 199 Ala. 300.

reached that, under the undisputed evidence in the cause, the plaintiff was entitled to recover.

[10] The point is further made that all three of the circuit judges in Mobile county should have presided in the trial of the cause and not one alone. We are of the opinion that the insistence is without merit, and calls for no extended discussion here. Kimball v. Cunningham Hdw. Co., 201 Ala. 409, 78 South. 787.

Finding nothing in the record calling for a reversal of the cause, the judgment appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.