138 So. 823

## CALDWELL v. HUTCHINSON.

4 Div. 553.

Supreme Court of Alabama.

Dec. 17, 1931.

Rehearing Denied Jan. 21, 1932.

C. L. Rowe, of Elba, for appellant.

J. C. Yarbrough, of Enterprise, for appellee.

BROWN, J.

This is an action of unlawful detainer involving the possession of 400 acres of land known as the Goins tract, and was instituted in the justice court of beat 16, Coffee county, on the 13th of February, 1930, on a complaint, the first count of which was substantially in the form prescribed by the statute. Code 1923, § 9531, form 29. On the trial before the justice of the peace, judgment was rendered in favor of plaintiff, and from that judgment the defendant appealed to the circuit court.

On the trial in the circuit court on the 13th of November, 1930, the plaintiff testified, without objection, that he sold the defendant a tract of land in 1925, and took a mortgage for the purchase money; that he foreclosed the mortgage in 1928, covering the land, the possession of which plaintiff sues in this case, and other lands; that after the foreclosure plaintiff rented to defendant the "cultivatable lands" in the Goins tract, lying on the west side of the creek, consisting of 160 acres. To quote from the bill of exceptions here, "I had a written contract last year; that was after the foreclosure. He (Caldwell) delivered me possession of the other lands besides this Goins tract of 400 acres, and I had possession of that part last year (1929); the rental contract was introduced in evidence out there (on the trial before the Justice) and was lost; it contained $640 for the 160 acres of cultivatable land and the pasturing privileges for last year; he wouldn't agree to rent this year and I gave him notice or demand for possession," which was identified by the witness and offered in evidence, describing the 400 acres by and according to the government survey as being "Known as the Goins place."

This notice was dated January 16, 1930, and was served on the defendant by the sheriff on January 20, 1930.

The plaintiff also offered in evidence the mortgage describing the land in suit by the government survey, and as "the lands deeded to J. W. Goff and C. E. Bush on September 4th, 1922, by H. D. Goynes and wife Lizzie Goynes, and is the Goynes land only," and other lands not named in the suit, "in Coffee County, Alabama."

The defendant objected to the mortgage as evidence "on the ground that from the testimony of the witness as to the lands which plaintiff leased to defendant, the mortgage does not so describe the lands, and it cannot be ascertained either from the testimony of the witness or from the mortgage, what part of the 400 acres, if any, was let or leased to, the defendant." This objection was overruled, and defendant excepted. The foreclosure deed was offered and received in evidence without objection.

The plaintiff adduced the testimony of several witnesses identifying the lands in suit as the Goins tract in Coffee county.

The defendant offered no evidence, and at the conclusion of the evidence, at plaintiff's request in writing, the court gave the affirmative charge to find for the plaintiff.

The appellant's contention here is, to quote from his brief, (1) "that after foreclosure Caldwell retained possession of the entire 400 acre tract of the Goins lands and only delivered to Hutchinson (the plaintiff), the purchaser at the foreclosure sale, the other lands described in the mortgage and foreclosure deed. Caldwell (the defendant) held the 160 acres of cultivatable lands in the Goins place by virtue of the rental contract for the year 1929, entered into by him with Hutchinson, but he held the other 240 acres of the Goins lands, after foreclosure, as mortgagor who refused to surrender the possession thereof to Hutchinson, the purchaser at the foreclosure sale.

"Under this state of facts, the Justice's Court had no jurisdiction to try the issue of possession between Caldwell, the mortgagor, and Hutchinson, the purchaser at the foreclosure sale, as to any part of the 400 acre Goins tract, except the 160 acres of cultivatable lands which he had rented from Hutchinson. Under this set up, the judgment of the Justice of the Peace Court, which undertook to give to Hutchinson the possession of the 400 acre Goins tract, was void in so far as that part of the Goins tract not included in the written rental contract is concerned. This premise is fully supported by the recent case of Jordan v. Sumners, 222 Ala. 314, 132 So. 427."

(2) That, under the evidence offered on the trial in the circuit court, the evidence con-

clusively shows that the judgment of the justice of the peace was in excess of his jurisdiction, and it was error for the circuit court to give the affirmative charge for appellee, authorizing a recovery of the entire tract of 400 acres. To sustain this principle, the appellant cites Webb v. Carlisle, Jones & Co., 65 Ala. 313; Lykes v. Schwarz, 91 Ala. 461, 8 So. 71; Giddens v. Bolling, 92 Ala. 586, 9 So. 274; and Crocker v. Goldstein, 209 Ala. 172, 95 So. 873.

Appellant's first contention assumes that he refused to surrender possession of the entire tract and remained in possession as mortgagor, facts of which there is no proof, and ignores the testimony of the appellee, which is not disputed, that he had possession, not only of the 160-acre tract of cultivatable land, but that he had possession of the other part in 1929, prior to the date of the written notice and demand for possession made on the defendant January 20, 1930.

These facts differentiate this case from Jordan v. Sumners, supra, and take it out of the influence of the decision in that case.

The plaintiff had the burden of showing only actual possession in himself prior in point of time to the inception of the wrongful possession of the defendant, that is, prior to the beginning of the unlawful detainer. Nicrosi v. Phillipi, 91 Ala. 299, 8 So. 561; Hill v. Harris, 179 Ala. 614, 60 So. 917; Walker v. Adler, 216 Ala. 76, 112 So. 458.

The defendant's second contention is also without merit. The complaint, as before stated, was in the form prescribed by the statute, and, if the evidence before the justice warranted, the plaintiff was entitled to recover possession of the entire tract, and not exceeding $100 as damages for the wrongful detention of possession. Crocker v. Goldstein, supra.

The fact that the justice exceeded his jurisdiction in awarding a judgment for damages did not deprive him of jurisdiction of the subject-matter of the suit.

In Webb v. Carlisle, Jones & Co., 65 Ala. 313, the complaint filed before the justice disclosed want of jurisdiction of the subject-matter, that the plaintiff in that case rested his right to recover, not on prior actual possession, but on title acquired through a sale of the property for taxes. See Beck v. Glenn, 69 Ala. 121, 126.

The judgment here is that the circuit court gave the affirmative charge without error, and that the judgment should be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.