## GAULT v. McCALLEY et al.

### 8 Div. 500.

Supreme Court of Alabama.

June 8, 1933.

Rehearing Denied Oct. 12, 1933.

David A. Grayson, of Huntsville, for appellant.

Francis Esslinger, of Huntsville, for appellees.

## PER CURIAM.

Under the facts of the case, the trial involved an inquiry into the title to the land in controversy, and is governed by Brown v. Beatty, 76 Ala. 250, and Jordan v. Sumners, 222 Ala. 314, 132 So. 427, and the plaintiffs were not entitled to recover in an action of unlawful detainer.

Reversed and remanded.

ANDERSON, C. J., and BROWN, FOSTER, and KNIGHT, JJ., concur.

GARDNER, THOMAS, and BOULDIN, JJ., dissent.

THOMAS, Justice (dissenting).

This case was tried upon an agreed statement of facts, and the judgment by the court without a jury was that the plaintiffs have and recover of the defendant possession of the real estate described in the complaint.

The rules of testing the constitutionality of statutes are established. Jefferson County v. John L. Busby (Ala. Sup.) 148 So. 411;[1] State v. Atlantic Coast Line R. Co., 225 Ala. 648, 144 So. 811; State ex rel. Austin v. Black, 224 Ala. 200, 130 So. 431; State ex rel. Vandiver v. Burke, Judge, 175 Ala. 561, 57 So. 870.

The obvious meaning of sections 8001, 8004, and 8012 of the Code is that unlawful detainer is where one who has lawfully entered into possession of lands as tenant fails or re-

[1] 226 Ala. 293.

fuses on ten days' demand in writing "after the termination of his possessory interest," to deliver the possession thereof to one lawfully entitled thereto, or where "the purchaser [of land] who is put into possession under contract of sale, or anyone claiming under him, upon failure of the purchaser, after demand, to pay the purchase price as agreed and to carry out the terms of the·contract of sale," unlawful detainer will lie in favor of the landlord or vendor; and in such action the "estate or merits of the title cannot be inquired into \* \* \* but all legal and equitable defenses may be had against a recovery for damages or for the unlawful detention of the land."

The appellant relies upon the case of Jordan v. Sumners, 222 Ala. 314, 315, 132 So. 427, 428. It was there observed:

"The relation of mortgagee and mortgagor is not the same as that of landlord and tenant as affecting an estoppel against the mortgagor when sued by the mortgagee in this form of action. A distinction must be kept in mind between estoppel to deny title and estoppels arising upon proof of title and the relations thus shown. \* \* \*

"The mortgagee's right to possession is because of his legal title, the title draws to it the right of possession. The mortgagor has not taken his possession under the mortgage, but the mortgagee derives his right of possession from the mortgagor through a conveyance of the legal title.

"It seems to follow inevitably that the first and essential proof in an action for possession is evidence of the legal title on which the right to possession depends.

"At once the muniment of title, the sufficiency of its terms as well as of its execution to pass a legal title, whether it is infected with fraud, whether such title still persists, or has ceased to be by payment of the mortgage debt—all this and more may become involved. In brief, the issue of title in the mortgagee becomes a primary issue. Code, §§ 7456, 7465; Lomb v. Pioneer Savings & Loan Co., 106 Ala. 591, 17 So. 670; Watson v. Herring, 115 Ala. 271, 22 So. 28."

The instant relation and statute for construction—section 8004 of the Code—is different. Here, the purchaser, as he is called, goes into possession under the contract to that end; receives no title in the sense here pertinent—only the possession. If he performs his part of the contract, he can by specific performance enforce his right to due execution and delivery of the deed by the vendor; if he is in default, he cannot raise the question of title, because he never had it; holding as he does under the contract to avoid payment of the purchase price, Bennett, standing in the relation.of his tenant, Gault (Strong and wife v. Waddell, 56 Ala. 471), is estopped to deny the superior right and title of the vendor, until he has placed the landlord, the vendor, or his grantee or legal representative in possession of the land. Layton v. Hamilton, 214 Ala. 329, 107 So. 830; Barefoot v. Wall, 108 Ala. 327, 18 So. 823; Anders v. Sandlin et al., 191 Ala. 158, 67 So. 684; Potts v. Coleman, 67 Ala. 221; Tennessee & Coosa Railroad Co. v. East Alabama Railway Co., 75 Ala. 516, 51 Am. Rep. 475; 21 C. J. page 1071, [§ 31] (2); Patterson v. Folmar, 125 Ala. 130, 28 So. 450.

In Edwards v. Louisville & N. R. Co., 202 Ala. 463–465, 80 So. 847, an action of unlawful detainer against subtenants, as against the surviving wife of the plaintiff's lessee, it was declared:

"Although unlawful detainer action is possessory and grows out of the relation of landlord and tenant, a rerenting or subletting of a part of the premises, or any collusions by which other parties are placed in possession of a part of the premises, will not defeat the action. \* \* \*

"The argument is based upon the contention that, under the provisions of section 4263 of the Code of 1907, an action of unlawful detainer can only be brought against a tenant, and the complaint is insufficient in that it fails to allege any demise to this defendant. While the complaint does not show a demise to the defendant herself, yet it does disclose a renting of the premises to the defendant's husband, and the possession of said premises by the defendant by virtue of her relationship as wife, and that therefore she was holding possession under the husband's tenancy. As said by this court in Giddens v. Bolling, 92 Ala. 586, 9 So. 274:

" 'Although the action is possessory, and grows out of the relation of landlord and tenant, a rerenting, or subrenting, of a part of the premises, or any collusion by which other parties are placed in possession of a part of the premises, will not defeat the action.' \* \* \*

"It clearly appears, therefore, from the undisputed evidence in this case, that had the suit been brought against the defendant's husband, the plaintiff would be entitled to recover, and that he would be estopped from setting up any title adverse to his landlord while retaining such possession. This principle is too well established to need discussion. Nicrosi v. Phillipi, supra [91 Ala. 299, 8 So. 561]; Norwood v. Kirby, 70 Ala. 397; Anders v. Sandlin, 191 Ala. 158, 67 So. 684."

See authorities cited in Jordan v. Sumners, 222 Ala. 314, 319, 132 So. 427. See, also, Giddens v. Bolling, 92 Ala. 586, 9 So. 274; Posey v. Pressley, 60 Ala. 243; Caldwell v. Hutchinson, 224 Ala. 136, 138 So. 823; Walker v. Adler, 216 Ala. 76, 112 So. 458; Bush v. Fuller, 173 Ala. 511, 55 So. 1000.

The evidence presented by the agreed statement of facts shows that defendant Gault's possession of the land was under and

by virtue of the contract to rent from Bennett, the vendee from and of the appellees. The judgment on default of the contract, and the contract, were presented by appellees in this suit to show their superior right to possession as against their vendee, and as against him as the lessee or landlord of the appellant. That is, the admission by defendant-appellant Gault that he held possession under Bennett made relevant the contract (Walker v. Adler, 216 Ala. 76, 112 So. 458) under which Bennett and Gault held possession from the appellees, under the provisions of section 8004 of the Code, and the judgment on forfeiture of his contract rendered in the inferior court.

The judgment of the circuit court should be affirmed.

I therefore respectfully dissent.

GARDNER and BOULDIN, JJ., concur in the foregoing dissenting opinion.

