153 So. 393

## LIPSCOMB v. MOORE et al.
### 8 Div. 484.

Supreme Court of Alabama.
March 1, 1934.

Rehearing Denied March 22, 1934.

W. H. Long, of Decatur, for appellant.

Julian Harris and Norman W. Harris, both of Decatur, for appellees.

THOMAS, Justice.

The suit was for forcible entry and unlawful detainer, and unlawful detainer. The defendants pleaded the general issue.

■ In order for plaintiff to recover under either count, he must show that he was in prior possession of the land—a prior possession to the inception of defendants' forcible entry without authority—"wrongful possession of the defendant(s) * * * prior to the beginning of the unlawful détainer." Whaley v. Wynn, 208 Ala. 342, 95 So. 16, 17; Nicrosi v. Phillipi, 91 Ala. 299, 8 So. 561; Beck v. Glenn, 69 Ala. 121.

■■ The evidence showed that plaintiff, Lipscomb, owned certain land which was bounded on the north by lands owned by Kay, who rented his lands to the defendants; that they (defendants) went into the possession of same in 1924 or 1925, and in January, 1927, defendants began the construction of a fence which supposedly separated the Kay lands from the Lipscomb land, and Lipscomb contended that as the fence was erected it encroached on this line. The fence was completed in February of the same year, and defendants held and occupied thereto. This suit was begun in the justice court on May 31, 1930.

The court gave the general affirmative charge for the defendants on the theory that this action was barred by the statute of limitations. The plaintiff testified as to this, as follows:

"I am the plaintiff in this case. I know the defendants, R. L. Moore and Harris Bradley. I own the tract of land which is being litigated about in this case. I know about when R. L. Moore and Harris Bradley or whatever

his name is *went into possession of this land. It was in 1927.* They stayed there in possession of that land sued for during 1927, 1928, 1929 and 1930. Immediately preceding their going into possession of this land sued for, *I was in possession of it.* At no time while they were in possession of this land did they have any contract with me to go on it." (Italics supplied.)

The notice against trespass given on March 11, 1929, was not acceded to and did not change the occupancy and possession of the defendants.

The defendants having entered into the occupancy or peaceable possession of the lands to the fence line in January or February of 1927, remained in that occupancy or possession until the suit was brought and service perfected on May 30, 1930.

It is thus shown by the record and the plaintiff's evidence that the defendants had continuous and uninterrupted occupation of the strip of land thus sued for, during a period of more than three years immediately preceding the bringing of plaintiff's suit (section 8013, Code; Williams v. Gaston, 148 Ala. 214, 42 So. 552; King v. Bolling, 77 Ala. 594); that is, from the accrual of the plaintiff's cause of action by the building of the fence in January and February, 1927—the taking of the possession of said lands without attornment to plaintiff and in hostility to his right—to the bringing of the suit on May 30, 1930 (Posey v. Pressley, 60 Ala. 243; Barnewell v. Stephens, 142 Ala. 609, 38 So. 662; Anderson v. Anderson, 104 Ala. 428, 16 So. 14; Nicrosi v. Phillipi, supra). There was no evidence as to the uninterrupted "occupation of the premises" by defendants for three years before the bringing of the suit—no jury question was presented. Barefoot v. Wall, 108 Ala. 327, 18 So. 823.

It will be borne in mind that in such action the merits of the title of the parties cannot be inquired into—only the occupancy and possession, which is the issue of litigable fact. Section 8012, Code; Knowles v. Ogletree, 96 Ala. 555, 12 So. 397; Jordan v. Sumners, 222 Ala. 314, 132 So. 427; Brown v. Beatty, 76 Ala. 250; Gault v. McCalley, 227 Ala. 381, 149 So. 841.

Having failed to duly maintain his right within the time allowed by the statute, the court was within the law in giving, at defendants' written request, the general affirmative instruction. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

The judgment of the circuit court is, therefore, affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.