24 So.2d 417

### WARNER v. WARNER.
#### 8 Div. 333.

Supreme Court of Alabama.
Dec. 20, 1945.

Rehearing Denied Jan. 17, 1946.

Geo. P. Cooper, of Huntsville, for appellant.

C. L. Watts, of Huntsville, for appellee.

BROWN, Justice.

This appeal is by the defendant in an action of unlawful detainer brought against her by her mother-in-law, the appellee, to recover a certain specifically described lot, or parcel of land, in the city of Huntsville, Alabama.

The complaint consists of a single count, which after describing the lot avers "of which she was in possession, and upon which pending such possession and before the commencement of this suit, the defendant lawfully entered under the following facts, to wit: The husband of the defendant went into possession of said lot, or parcel of land, as a tenant at will by implication of the plaintiff, and as plaintiff's tenant, and the said defendant entered into possession of said lot, or parcel of land, under the tenancy of her husband as his wife; that the possessory interest of said defendant terminated on or before to wit: the 5th day of September, 1944, and that after the termination of her possessory in-

terest and after plaintiff's demand in writing therefor, she unlawfully detains * * *."

The demurrer filed by the defendant, which was overruled, takes the point that the complaint does not aver that defendant's husband entered on demise of the plaintiff, and that the averment that he entered as a tenant at will by implication is the mere conclusion of the pleader. The demurrer was well taken, and the court erred in overruling the same.

The evidence is without dispute that the tenement in question, consisting of three bedrooms, living room, dining room and kitchen, occupied by the defendant was a part of a house built upon the lot described, conveyed to the plaintiff by one Griffith in 1931. The house was built in 1931, and the plaintiff Mary A. Warner, and her son, W. A. Warner, now deceased, and his family moved into the dwelling erected upon the lot on the same day, the 28th day of September, 1931, the plaintiff occupying two rooms on one side of the house as her tenement, or place of residence, with access to the bathroom, and the son and his family occupied the other side of the house, above described. Both the plaintiff and said son, and his wife, continued to reside in said house until the death of the son, on the 17th day of March, 1943, and the defendant has remained in possession of the same tenement since her husband's death without recognition of the plaintiff as landlord.

The defendant on the trial offered to show that her husband, W. A. Warner, and her children had an equitable interest in said property, but this evidence was rejected. The plaintiff offered in evidence a proceeding on the equity side of the court, consisting of a bill filed by the defendant, her children and grandchildren against the plaintiff, and Eston Warner and Daisy Mc-Knight, and the answer of the respondents, and the final decree in said cause. The bill asserts equitable interest in said property in said complainants coming to them through inheritance from said W. A. Warner, the husband and father of the complainants, in that said building was constructed on the premises by said W. A. Warner, at his expense, in consummation of a joint enterprise between said Mary A. Warner and said W. A. Warner, and also, that as a result of said payment by W. A. Warner for the construction of said building they were entitled to have declared a resulting trust in said property. Said equitable proceedings went to a final decree, resulting in denying relief to the complainants and dismissing the bill.

The proceedings in the equity case were offered by the plaintiff as part of her evidence. The evidence is without dispute that there was no agreement to pay rent, that there was no express agreement creating relation of landlord and tenant, and during the occupancy of said building there had been no recognition of the said Mary A. Warner as landlord either by said W. A. Warner, deceased, or the defendant, appellant here.

There is no question in this case as to the extent of the possession of either the plaintiff or the defendant, and the said W. A. Warner, the deceased husband of defendant, not having entered as a tenant under an expressed tenancy was not, and his widow and heirs are not, estopped to dispute the plaintiff's title; therefore, pretermitting the question of title, it is just as plausible under the facts of this case to hold that the defendant is the landlord as it is to hold that the plaintiff is the landlord; otherwise stated, the rights here clearly depend upon the question of title, which cannot be inquired into in an action of unlawful detainer.—Code of Alabama. 1940, Title 7, sec. 975; Patterson v. Folmar, 125 Ala. 130, 28 So. 450, 451; Brown v. Beatty, 76 Ala. 250; Farley v. Bay Shell Road Co., 125 Ala. 184, 27 So. 770; Lipscomb v. Moore, 228 Ala. 365, 153 So. 393; Horsefield v. Adams & Knapp, 10 Ala. 9; Knowles v. Ogletree, 96 Ala. 555, 12 So. 397; Dent v. Stovall, 200 Ala. 193, 75 So. 941; Jefferson County v. Parker, 211 Ala. 289, 100 So. 338.

In Rutledge v. White, 206 Ala. 329, 89 So. 599, cited by appellee, as stated in the opinion of the court: "Plaintiff authorized defendant, as a mere gratuity, to enter upon and occupy plaintiff's premises for 'about a month.' Under this permission defendant entered upon the premises about the last of December, and near the last of January plaintiff told defendant that plaintiff's own family would want to move into the house on the 1st of the month (February); whereupon defendant said he would be out 'in about a month' from the time he went in, as he agreed to be." In Edwards v. Louisville & N. R. R. Co., 202 Ala. 463, 80 So. 847, 848: "The husband of defendant went into possession of said tract of land under a lease from plaintiff,

and as plaintiff's tenant, and the said defendant entered into possession of said land under the tenancy of her said husband, as his wife; that the possessory interest of said defendant terminated on or before, to wit, the 19th day of June, 1914, and that after the termination of her possessory interest, and after plaintiff's demand in writing therefor, she unlawfully detains." The facts which we have stated clearly render these authorities inapt.

The plaintiff under the undisputed evidence in this case was not entitled to recover possession in this action of unlawful detainer. The judgment of the Circuit Court is therefore reversed, and a judgment will be here rendered in favor of the defendant, appellant here.

Reversed and rendered.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.